16 So.2d 427

**Ex parte WESLEY.**

**4 Div. 840.**

Court of Appeals of Alabama.
Jan. 18, 1944.

O. S. Lewis, of Dothan, for plaintiff in error.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

A petition for writ of error was filed in this court on December 27, 1943, upon the strength of which, the preliminary writ was granted, and made returnable to this court on Thursday, January 13, 1944. The petition was predicated upon the ground of error appearing on the record, as the law requires, and seeks a revision thereof. Seitz v. State, 19 Ala.App. 498, 98 So. 321.

The facts incident are fairly stated in brief of the Attorney General wherein the following appears: "That petitioner, Joe Wesley, was indicted by a grand jury of Houston County, Alabama, for the offense of murder in the first degree on October 28, 1943, and was duly arraigned upon said indictment on November 22, 1943, and pleaded the general issue. There was an order made providing for a special venire and a proper order fixing the day for trial on November 26, 1943. When the trial was reached, petitioner and counsel of his own choosing appeared in open court before the Judge of the Circuit Court of Houston County, Alabama, and consented to an amendment to the indictment theretofore rendered against him, charging murder in the first degree so as to charge manslaughter in the first degree. After said amendment was duly made and entered of record in accordance with the agreement of petitioner, and the solicitor prosecuting for the State, petitioner pleaded guilty to the indictment charging him with manslaughter in the first degree, but did not waive trial by jury. Thereupon, and without the in-

tervention of a jury, the court adjudged petitioner guilty of manslaughter in the first degree, upon his plea of guilt, and sentenced him to imprisonment in the penitentiary for a term of ten years."

■ The insistence is made that the trial judge transcended his authority in adjudging the defendant guilty, and also in fixing his punishment; for that, these duties, under the Statute, were wholly and entirely for the jury to determine and not for the trial judge. This insistence is well taken and must be sustained.

The error of law complained of in this petition is apparent on the transcript of the record and there can be no question as to the regularity of proceeding in this manner for revision of the record.

Title 14, Section 322, Code 1940, provides as follows: "§ 322. *Punishment.*—Any person who is convicted of manslaughter in the first degree shall, *at the discretion of the jury,* be imprisoned in the penitentiary for not less than one nor more than ten years, and any person who is convicted of manslaughter in the second degree shall, *at the discretion of the jury,* be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than one year, and may also be fined not more than five hundred dollars." (Emphasis supplied.)

■ The duty of fixing the punishment in all homicide cases (in which there is an indictment) is cast by law upon the jury and is a mandatory duty and responsibility. The trial court cannot relieve the jury of that duty and responsibility. Bankhead v. State, 124 Ala. 14, 26 So. 979; Bates v. State, 170 Ala. 26, 54 So. 432; Powell v. State, 30 Ala.App. 606, 10 So.2d 867.

Title 15, Section 328, Code 1940, provides as follows: "§ 328. *Punishment; when fixed by the court.*—When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, *unless the power is expressly conferred on the jury."* (Emphasis supplied.)

■ The above section is an express limitation on the power and authority of the court to impose a sentence in manslaughter cases, since that power is expressly conferred on the jury. Bankhead v. State, supra; Bates v. State, supra; Powell v. State, supra; Title 14, Section 322, Code 1940.

From the foregoing, it is our imperative duty to grant the writ of error as prayed. It is so ordered.

■ Under provisions of Title 15, Section 387, Code of Alabama 1940, the clerk of the lower court will admit the defendant to bail in the sum of One Thousand Dollars with sufficient sureties, conditioned for his appearance at the next session of the Circuit Court of Houston County, Alabama, and from session to session thereafter, to abide such judgment as may be finally rendered in the case.

Writ of error granted. Judgment of conviction reversed. Bail fixed at the sum of One Thousand Dollars. Remanded to the lower court for proper trial pursuant to law. Powell v. State, 30 Ala.App. 606, 10 So.2d 867.

Writ granted.