22 So.2d 925

## TRAMMELL v. STATE.

### 5 Div. 223.

Court of Appeals of Alabama.
June 19, 1945.

Rehearing Denied Aug. 7, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Horace C. Alford, of Birmingham, for appellant.

CARR, Judge.

On February 15th, 1945, Roberta Tollerson, a girl about eighteen years of age, entered a plea of guilty in the County Court of Cleburne County to a charge of vagrancy. Upon her failure to pay an imposed fine of $100 and costs, she was sentenced to hard labor for the county for 30 days in lieu of the fine, 32 days in lieu of the costs, and an additional 6 months. She was forthwith delivered to the authorities of the Julia Tutwiler Prison, located at Wetumpka, Elmore County. The commitment for her detention is in every way regular in form.

On April 17th, 1945, Ella Mae Trammell, mother of the defendant, filed in the Cir-

cuit Court of Elmore County, in behalf of her daughter, a petition for a writ of habeas corpus, seeking Roberta's release from the said prison.

It is claimed in the petition that Roberta Tollerson is being illegally and unlawfully detained in the Julia Tutwiler Prison on account of the following facts and circumstances: On February 20th, 1945, after Roberta had been committed to said prison, Mr. Horace C. Alford, petitioner's attorney, called the Judge of the County Court of Cleburne County over long distance phone from Birmingham, Alabama, and then advised the judge that for Roberta, as her attorney, he desired to give notice of appeal to the circuit court, with the right of trial by jury. This request was confirmed by a telegram which followed on the same day.

On the hearing of the petition in question, a certified copy of the judgment entry in the lower court was introduced in evidence. The judgment entry omits any recital of a request for an appeal to the circuit court, or any order of the court suspending the execution of the judgment of conviction, or any order fixing the amount of an appeal bond.

The writ of habeas corpus cannot be used to replace the right of writ of error or an appeal. Flowers v. State, 4 Ala.App. 221, 59 So. 238; Hardeman v. State, 19 Ala.App. 563, 99 So. 53. Neither will the writ lie to correct errors in the judgment of the court, if the jurisdiction of the court rendering the judgment is without question. The writ is available against void, but not irregular or voidable, judgments. Bray v. State, 140 Ala. 172, 37 So. 250; Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Bryant v. State, 15 Ala.App. 641, 74 So. 746.

In the instant appeal the record discloses that petitioner's daughter was committed to the Julia Tutwiler Prison from a court of jurisdictional authority. Title 13, Sec. 321, Code 1940.

The record also shows that the judgment of the committing court is valid.

The circuit court, on the hearing of the petition, correctly disallowed any proof in an effort to show in point of fact whether or not the defendant was guilty of the offense which formed the basis of the charge in the lower court. Ex parte Smotherman, 140 Ala. 168, 37 So. 376; Benson v. State, 124 Ala. 92, 27 So. 1.

The judgment of the circuit court, denying the writ, is ordered affirmed.

Affirmed.