30 N.J. Super. 235 (1954)
104 A.2d 87
STATE OF NEW JERSEY, JAMES LYNCH, PLAINTIFF,
v.
RONALD JOHNSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 25, 1954.
*236 Mr. H. Albert Hyett, attorney for petitioner-defendant.
Mr. David R. Brone, Assistant Prosecutor, Atlantic County.
WOODS, J.S.C.
The defendant Ronald Johnson is confined in the Atlantic County jail. He was arrested on January 31, 1954 at 4:00 A.M. and charged with violating R.S. 39:4-50, driving a motor vehicle while under the influence of intoxicating liquor; R.S. 39:3-10, driving without a license; R.S. 39:4-129, leaving the scene of an accident, and N.J.S. 2A:119-2, larceny of an automobile. On his counsel's request the hearing was adjourned several times, and on March 10, 1954 the defendant pleaded non vult to all but the larceny charge, to which he entered a plea of not guilty.
The municipal court judge, on the charge of violating R.S. 39:4-50, then imposed a fine of $200 and $5 costs and in default thereof 30 days in jail. The sentences imposed under R.S. 39:3-10 and 39:4-129 were suspended and he was advised that he would be released on bail on the larceny charge. The fine was not paid.
*237 The defendant is ready to present his bail and claims that under R.R. 3:7-10(g) which provides that "in all custodial sentences the prisoner shall receive credit on the term imposed for any time he may have served in custody between his arrest and the imposition of sentence," he is entitled to immediate release in that he was incarcerated for a period of 39 days from the date of his arrest to the date of imposition of sentence.
However, in the case before us no jail term was imposed. The sentence was a fine of $200 and costs, and in default thereof imprisonment for 30 days. The 30-day jail term must be considered as the penalty for not paying the fine. It was not the punishment meted out for violating the Motor Vehicle Act. No custodial sentence is involved.
"Committing a prisoner to jail until a fine is paid is no part of the punishment. The penalty, or the punishment adjudged, is the fine, and the custody adjudged is the mode of enforcing the payment of the fine. This is in accordance with the common law." 15 Am. Jur. 184, sec. 546.
It is a general rule that the court has no power to impose an alternative sentence, which at the same time is uncertain and which gives to the defendant the choice of imprisonment or a fine. It is the court's duty to determine whether one or the other or both shall be imposed. Roop v. State, 58 N.J.L. 487, 34 A. 885 (Sup. Ct. 1896); State (Miller) v. City of Camden, 63 N.J.L. 501, 43 A. 1069 (Sup. Ct. 1899).
But we conclude that in this case there was no alternative, uncertain sentence imposed. The sentence was definite and if the defendant pays the fine and costs within the 30-day period he should be released immediately. See Flanagan v. Treasurer of Plainfield, 44 N.J.L. 118 (Sup. Ct. 1882); State v. Stevens, 44 A.2d 713 (Sup. Ct. 1945).
"It must be remembered that the alternative sentence of imprisonment in default of payment of fine is not imposed as a part of the penalty but as a means of compelling payment of the fine. The imprisonment may be avoided by payment of the fine, which of course, *238 cannot be done where imprisonment is the primary or original sentence." Peeples v. District of Columbia, 75 A.2d 845, 847 (Mun. Ct. App. 1950).
Having inquired into the cause of defendant's imprisonment and finding the same correct, we conclude that he cannot be released until the payment of the fine imposed or the service of the penalty by imprisonment imposed in default thereof.