76 So.2d 180

**Louis KEENE**

v.

**STATE.**

**3 Div. 985.**

Court of Appeals of Alabama.

Nov. 23, 1954.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a decree of the Circuit Court of Montgomery denying appellant's petition for discharge from the penitentiary under a habeas corpus proceedings.

The petitioner was indicted in Tuscaloosa County for violating our Prohibition Law, Code 1940, Tit. 29, § 1 et seq., and to such indictment he entered a plea of guilty. Judgment and sentence were entered and pronounced pursuant to such plea.

Thereafter the petitioner perfected his appeal to this court, the case coming here on the record proper. An order of affirmance was entered by this court, and certiorari was denied by the Supreme Court when petitioner carried his appeal on to that forum. See Keene v. State, 74 So.2d 273.

The basis of petitioner's contentions in support of his habeas corpus petition were:

1. The original judgment and sentence were void because of vagueness and uncertainty in the sentence pronounced.

2. That Section 75 of Title 45, placing hard labor convicts under control of the county commissioners, and Section 97 of Title 45, authorizing county commissioners to dispose of its county convicts to the State Department of Corrections and Institutions, were repealed by Section 325, Title 15, setting forth what are legal punishments, inasmuch as Section 325, supra, was reenacted subsequent to the passage of Sections 75 and 97 of Title 45, supra.

3. That Section 97, Title 45, Code of Alabama 1940, is void in that it permits County Boards of Revenue to change a

sentence imposed by a court and impose a punishment which the court could not impose, i. e., hard labor for the State instead of for the county.

In the hearing in the court below the answer of the respondent, as Warden of Kilby Prison, was directed toward justifying his detention of the petitioner by virtue of a judgment and sentence of the circuit court of Tuscaloosa County, a hard labor transcript issued by the Clerk of the Circuit Court of Tuscaloosa County, and a resolution of the Board of Revenue of Tuscaloosa County. This resolution was passed by the governing Board of Tuscaloosa County on 10 March 1951, and declared that "Tuscaloosa County desires to dispose of its County Convicts under and in accordance with Article 5 of Chapter 2 of Title 45 of the 1940 Code of Alabama and that the Sheriff of Tuscaloosa County, Alabama, be and hereby is authorized to deliver all of the county convicts sentenced to hard labor for Tuscaloosa County, Alabama, to the Department of Corrections and Institutions of Alabama, under and pursuant to the provisions of Section 97 of Title 45 of the 1940 Code of Alabama and any change or amendments thereto, this order and resolution to remain in effect for a period of not less than three years." etc.

1. The validity of the judgment and sentence.

The only part of the judgment questioned by petitioner relates to the imposition of the sentence. The original judgment in this aspect read:

—"It is therefore considered by the court and it is the order, judgment, and sentence of the court that the defendant, Louis Keene, do and perform hard labor for the County of Tuscaloosa for 30 days to pay the fine, for 122 days at the rate of 75¢ per day to pay the costs in this case, and for 90 days additional as punishment for this offense."—

It appears from the evidence submitted in the habeas corpus proceedings that after appellant's liquor prosecution had taken its delayed and delaying course through all appellate processes, the circuit judge amended his bench notes, and without notice to petitioner the judgment as originally entered was amended by inserting the words "hard labor" after the words and figures "90 days," and before the word "additional," and it is in this amended form that the respondent introduced the judgment in the habeas corpus proceedings.

Counsel for appellant argues that this latter judgment is void as the trial court had lost jurisdiction over it, and that the original judgment is void because of vagueness, and therefore petitioner was entitled to his discharge.

■ If counsel's argument that the amended judgment is void and a nullity, be accepted, a point we need not decide, then certainly the original judgment and sentence was not affected by this alleged abortive amendment.

■ A reading of this original judgment, as a whole, we think clearly shows, if ordinary understanding of our language is not tortured, that the circuit court imposed a hard labor sentence on the petitioner in three aspects: 1, for 30 days to pay the fine, 2, for 122 days to pay the costs, and 3, for 90 days additional as punishment.

The judgment was therefore valid, and the lower court correctly ruled in denying petitioner relief in this aspect.

■ The lower court's ruling in the habeas corpus proceedings was correct on the further grounds that under our decision if a sentence is vague and uncertain, (a point we do not admit in this case) such defect does not render a judgment void, but such judgment is considered only erroneous and irregular. Sullivan v. State, 208 Ala. 473, 94 So. 473; Bradley v. State, 69 Ala. 318.

■ This being so, habeas corpus is not the proper remedy since this writ is not available against irregular or erroneous judgments when the jurisdiction of the court regarding such judgment is unquestioned. The writ of habeas corpus cannot be used to replace a writ of error. Trammell v. State, 32 Ala.App. 193, 22 So.2d

716

925; Bryant v. State, 15 Ala.App. 641, 74 So. 746; Tanner v. State, 23 Ala.App. 61, 121 So. 424, conforming to answer to certified question, Ex parte Tanner, 219 Ala. 7, 121 So. 423, certiorari denied, 219 Ala. 139, 121 So. 427.

2. That Sections 75 and 97 of Title 45 were repealed by the reenactment and amendment of Section 325, Title 15, Code of Alabama 1940.

No merit attaches to this contention.

Sections 75 and 97, supra, pertain to the administrative handling of convicts after sentence has been imposed by a court.

Section 325, supra, specifies the legal punishments that may be imposed by a court.

Section 325, supra, has an entirely different field of operation from Sections 75 and 97, supra, and there is no conflict apparent. No intent to repeal these sections can logically be deduced from the later legislative action in regard to Section 325, supra.

3. That Section 97, Title 45, is void because unconstitutional.

Certainly there is nothing in our constitution precluding the legislature from providing for the administrative handling of convicts after sentence.

When such provisions have been attacked on constitutional grounds it has been uniformly held in a number of jurisdictions that such statutes do not constitute cruel and unusual punishment, nor confer judicial power upon an administrative body, but on the other hand, the courts have concluded that such statutes confer on the boards or departments only an administrative control necessary to the efficient operation of penal institutions, and further, that where the statutes are in force at the time sentence is passed the power of the administrative branch is impliedly annexed to the sentence.

The above doctrines are in our opinion sound, and we adhere to them. For in-

numerable citations from the courts of our sister states dealing with this question see 95 A.L.R. 1455.

Affirmed.