122 So.2d 535

**Julius E. THOMAS**

v.

**STATE.**

3 Div. 51.

Court of Appeals of Alabama.

Aug. 16, 1960.

Julius E. Thomas, pro se.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

CATES, Judge.

Thomas, conceiving that his detention in Kilby Prison was illegal, filed a petition for habeas corpus in the Montgomery Circuit Court.

The Honorable Eugene W. Carter granted the State's motion to strike the petition. From Judge Carter's order striking the petition, Thomas appeals here.

The grounds for the writ were that Thomas, after arraignment in Jefferson County, withdrew his plea of not guilty to two charges of robbery, pled guilty, and was sentenced by the court without the

interventiion of a jury to ten years imprisonment (the statutory minimum) in each case. No appeal was taken.

Conviction of robbery, a capital offense, puts the fixing of punishment with a jury. Under the authority of Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, the above sentences constitute reversible errors. Had our jurisdiction been invoked by error or appeal, we should have reversed the judgments of the Jefferson Circuit Court and remanded the causes there for proper sentences.

However, habeas corpus does not serve the office of appeal: it must reach some fundamental apparent illegality. Thomas, who was represented by counsel in open court, changed his plea from not guilty to guilty, stood by, and without objection accepted a minimum sentence upon the solicitor's agreement. See Keene v. State, 37 Ala.App. 713, 76 So.2d 180; Annotation 76 A.L.R. 468.

His time for appeal now long past, Thomas may not, without trenching on invited error, use the judge's lapsus linguae as a talking point for his freedom.

It is clear by analogy from the answer to the certified question of this court given by our Supreme Court in Ex parte Tanner, 219 Ala. 7, 121 So. 423, that the trial judge's fixing punishment instead of his putting it to a jury is error but not of such degree as to void the judgment. We see no Fourteenth Amendment due process question, Cross v. State of North Carolina, 132 U.S. 131, 140, 10 S.Ct. 47, 33 L.Ed. 287; nor under § 6 of our Constitution.

■ Thomas's plea of guilt authorized the court to pass judgment on him. Code 1940, T. 15, § 277, which, on a plea of guilty, permits the trial judge to examine witnesses to determine the character of the offense, is for the benefit of the court and is not mandatory. Martin v. State, 62 Ala. 240.

We have written to the substantive question rather than to the adjectival one raised by the Attorney General's motion to strike the record and dismiss the appeal. This motion was based upon the failure of the transcript to be filed in this court within the thirty days prescribed by statute. See State v. Patton, 36 Ala.App. 539, 60 So.2d 383.

The record arrived here, a distance of less than half a mile, some eleven days after its certification by the Circuit Clerk of Montgomery County. The record was not completed for approval by the Circuit Judge until some thirty-six days after judgment. We are not prepared to say that the thirty days is jurisdictional with respect to a prisoner in the penitentiary who has no attorney.

In view of some of the recent due process decisions such as Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055, with respect to the need for affording post conviction review of criminal convictions, we have ignored the State's motion to strike. We hasten to add that this restraint on our part is not to be taken as having any significance as a future precedent, since we are reasonably confident that circumstances such as the delays in this case will undoubtedly not occur in the future.

Affirmed.