# 652

177 So.2d 106

## L. A. LUQUIRE
### v.
## STATE.

6 Div. 119.

Court of Appeals of Alabama.

June 29, 1965.

---

Wm. Conway, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal by petitioner from a judgment of the Circuit Court of the Tenth Judicial Circuit of Alabama dismissing his petition for Writ of Habeas Corpus.

The petition filed in the court below recites in part:

"That your petitioner, L. A. Luquire, is now imprisoned in the County Jail of Jefferson County by the Sheriff of said County, illegally and unlawfully.

"That a copy of the alleged process is hereto attached and made a part hereof as Exhibit 'A'.

"That petitioner is being held without bond.

"That the judgment and sentence set out in Exhibit A is null and void and without authority of law because the judgment entry as shown by the record is in Circuit Court as follows:

"L. A. Luquire      84694

"October 10, 1947

"Defendant being in Open Court and having been duly arraigned pleads not guilty, case set for trial October 20, 1947.

"King, Judge

"10/20/47 Ready for 10/21/47   King
"10/21/47 Defendant in Open Court with Counsel withdraws his plea of not guilty, pleads guilty to Robbery as charged in the indictment.

"E.   Judgment and sentence that the defendant be imprisoned in the Penitentiary for a term of Twenty (20) years.

Bailes, Judge.

"The foregoing judgment entry was entered without impaneling a jury and having the jury fix the penalty as required by law.

"Said sentence being interposed by the Court is void on its face.

"WHEREFORE PREMISES CONSIDERED petitioner prays the court

to issue a Writ of Habeas Corpus to the Sheriff of said County commanding him to produce the body of your petitioner before the Court to receive what shall be then considered concerning him."

"Exhibit A" referred to in the petition is a fugitive warrant signed by the Commission of the Board of Corrections, under which petitioner is being held by the Sheriff of Jefferson County.

The relief sought here is analogous to that sought in Smith v. State, 23 Ala.App. 72, 121 So. 692, where Samford, J., speaking for the court, said:

"Illegality, as distinguished from mere irregularity, rendering the proceeding voidable only, not absolutely void, is a usurpation of excess of jurisdiction apparent on the face of the proceeding, and will entitle a party restrained of his liberty to a writ of habeas corpus and to a discharge from imprisonment. Ex parte McKivett, 55 Ala. 236; Ex parte Simmons, 62 Ala. 416; Ex parte Brown, 102 Ala. 179, 15 So. 602.

"While the judge acted without authority, the jurisdiction of the court was not exceeded, and the act of the judge is reviewable on appeal, but not on habeas corpus. Washington v. State, 125 Ala. 40, 28 So. 78. The judgment is affirmed."

Although, if as alleged in the petition, the circuit judge acted without authority by imposing sentence in the robbery conviction, this act would not render the judgment of the court void. Therefore, the act would be reviewable on appeal or by petition for writ of error, but not by petition for habeas corpus.

Affirmed.

CATES, J., not sitting.