183 So.2d 799

**L. A. LUQUIRE**

v.

**William C. HOLMAN, Warden, Kilby Prison.**

**3 Div. 222.**

Supreme Court of Alabama.

March 3, 1966.

**204**

Wm. Conway, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul .T. Gish, Jr., Asst. Atty. Gen., for appellee..

COLEMAN, Justice.

Appellant is confined in Kilby Prison. On December 1, 1965, he applied to the Circuit Court of Montgomery County for a writ of habeas corpus directed to the Warden of Kilby Prison. After a hearing, the court denied appellant's prayer for discharge and remanded him to the custody of the warden. Appellant appeals from the judgment denying his discharge and assigns that ruling as error.

Appellant is imprisoned under a judgment of the Circuit Court of Walker County rendered April 13, 1959. By that judgment, on a plea of guilty, the court adjudged appellant guilty of grand larceny and sentenced him to imprisonment in the penitentiary for a period of three years and eight months.

It is apparent that on December 1, 1965, a period of more than three years and eight months · had elapsed since appellant had been sentenced to imprisonment for grand larceny. As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his imprisonment. Alexander v. Posey, 32 Ala.App. 494, 27 So. 2d 237. Under the Parole Act, now existing, a paroled prisoner endures a part of his punishment within prison walls and a part thereof within the terms of his parole, and, when the sum total of the time thus endured equals the time fixed by the sentence, the prisoner must be discharged. Pinkerton v. State, 29 Ala.App. 472, 198 So. 157.

Since the period for which appellant had been sentenced for grand larceny had expired at the time he applied for habeas corpus, appellant must be released unless something has occurred to interrupt· his serving of the sentence for grand· larceny. Appellant says that he has served his sentence and was entitled to his discharge as a matter of law.

The appellee says appellant has not served the period of his sentence for grand larceny, and, therefore, is not entitled to be released. Appellee says that is so because of the following matters.

On October 21, 1947, the Circuit Court of Jefferson County rendered judgment against appellant, on his plea of guilty to a charge of robbery, and sentenced him to imprisonment in the penitentiary for twenty years. In the instant case, counsel for appellee stated in open court that the twenty-year-sentence had expired on November 14, 1965, and that appellant began serving the sentence, of three years and eight months for grand larceny, on November 15, 1965.

It appears that appellant had been paroled on December 23, 1955, and, while on parole, had been arrested and convicted on the grand larceny charge in 1959.

■ . Appellant contends that the twenty-year-sentence ". . . was an illegal sentence because the penalty was not fixed by a jury . . ." as required by § 415 of Title 14, Code 1940. Appellant contends further that because appellant ". . . had done nearly all of this twenty years on a void sentence . . ." the time so served should be counted as having been served under the 1959 sentence for grand larceny.

We come then to decide whether the judgment, imposing the twenty-year-sentence for robbery, is void because the punishment was fixed by the court and not by a jury. We are of opinion that, although that judgment may be erroneous and subject to reversal on appeal, the judgment is not void.

At some time prior to filing the instant petition for habeas corpus, appellant filed in the Circuit Court of Jefferson County another petition for habeas corpus. In that case also, it seems, appellant contended that the twenty-year-sentence was void and that he was entitled to be released. The circuit court denied release and appellant appealed to the Court of Appeals where the judgment of the circuit court was affirmed. Luquire v. State, 42 Ala.App. 652, 177 So.2d 106.

We think the Court of Appeals decided correctly. As was said in Washington v. State, 125 Ala. 40, 44, 45, 28 So. 78, 79:

". . . The court has no discretion in affixing the punishment in such case, and it transcended its authority in so doing. The defect in the verdict and the sentence of the court thereon, do not entitle the defendant to his discharge as for having been once in jeopardy, as contended by defendant's counsel, but constitute simply reversible error. The verdict was incomplete or irregular and not void. This court has heretofore fully considered and decided this question, relieving us from its further consideration. Cobia v. State, supra (16 Ala. 781) ; Dover v. State, 75 Ala. 40; Gunter v. State, 83 Ala. 96, 104, 3 South. 600; Foster v. State, 88 Ala. 182, 7 South. 185; Zaner v. State 90 Ala. 651, 8 South. 698."

If the judgment imposing the twenty-year-sentence was not void, and we hold it was not, then appellant was serving the twenty-year-sentence until it expired November 14, 1965.

§ 32 of Title 45 provides for the commencement of service of sentences imposed by two or more convictions. At the time of appellant's first conviction in 1947, and also at the time of his second conviction in 1959, § 32, as here pertinent, recited as follows:

"When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, the imprisonment on the second and on each subsequent conviction must commence at the expiration of the imprisonment on the preceding conviction . . .."

■ As has been stated by the Court of Appeals in construing § 32, two or more terms imposed upon a convict for separate convictions shall be served consecutively, not concurrently, and, at the expiration of the first operative term, the next operative term shall begin. State ex rel. McQueen v. Horton, 31 Ala.App. 71, 75, 14 So.2d 557, affirmed, 244 Ala. 594, 14 So.2d 561.

As amended by Act No. 82, 1961 Acts, page 1998, § 32 recites:

"When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative, and shall be served consecutively; the first term thereof beginning to run from the date on which such prisoner is received . . . for service of the sentence . . . and his second and subsequent terms, each, beginning on the expiration of the preceding term . . .."

It follows then that appellant was serving his first sentence until it expired November 14, 1965, and that, on the next day, he began serving his second sentence of three years and eight months. When the circuit court heard the instant petition for habeas corpus, the term of appellant's second sentence had not expired and it has not expired at this date. Consequently, the circuit court correctly denied appellant's prayer for discharge and the judgment appealed from is due to be affirmed.

Affirmed.

LAWSON, GOODWYN and HARWOOD, JJ., concur.