192 So.2d 926

**Bobby F. MARLOW**

v.

**STATE.**

**6 Div. 222, 223, 269.**

Court of Appeals of Alabama.

Nov. 22, 1966.

Bobby F. Marlow, pro se.

Richmond M. Flowers, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

CATES, Judge.

September 28, 1966, Marlow filed (6 Div. 269) an original petition for us to issue mandamus to the Circuit Court of Jefferson County, Birmingham Division. He wants to be enlarged on bail pending appeal in two cases. (6 Div. 222 and 223.)

## I.

The records in these appeals show that in 1958 Marlow pled guilty to two indictments of grand larceny and was sentenced to respective terms of five years in the penitentiary on each plea. Execution of each sentence was suspended by the circuit court. Code 1940, T. 42, § 19, as amended; Constitution 1901, § 124, as amended by Amendment No. 38. See Summers v. State, 244 Ala. 672, 15 So.2d 502.

Each period of suspension was set at ten years by judgments dated June 6, 1958. Nothing appears to show that the sentences (i. e., each for five years) were to be served concurrently. Code 1940, T. 45, § 32, as amended;[1] Luquire v. Holman, 279 Ala. 203, 183 So.2d 799.

Whether the period of probation was twenty years or concurrent for ten is not relevant to these cases.

## II.

### Revocation

November 3, 1965, the sheriff, on a writ of arrest, issued by the circuit court, attached the person of Marlow to answer to a rule nisi for revoking his probation. A judgment entry of July 15, 1966, in each case recites:

"This the 15th day of July, 1966, the said defendant being now in open Court and being asked by the Court if he had anything to say as to why his probation should not be revoked, the defendant says nothing. Wherefore, after hearing all

1. The 1961 amendment, Act 82, September 15, 1961, § 5, provided in part: "The amendments effected by this Act shall

the evidence, the Court is of the opinion that the defendant has violated the terms of his probation, due to a subsequent conviction by the Federal District Court. It is therefore considered, ordered and adjudged by the Court that the probation of the defendant be and it is hereby revoked and the sentence heretofore pronounced against the defendant on June 6, 1958, be and the same is hereby put into immediate execution."

This entry also shows the defendant noting an appeal to this court and requesting "bond to be fixed." No transcript of the evidence was put in the record.

## III.

■ Appeals from revocation of probation are permissible. Sparks v. State, 40 Ala.App. 551, 119 So.2d 596. The standards of review as to the weight of the evidence are applied only against the subsequent act which is alleged as cause to revoke.

Heretofore our Supreme Court has, without opinion, refused to issue the writ of mandamus to compel a circuit judge to enlarge an appellant on bail pending appeal from revocation of probation. Conversely several appeals have come to this court with the execution of sentence stayed by circuit judges pending review here. Certainly there is no statute for such cases made and provided.

■ In view of the broad language of Code 1940, T. 42, § 24, as amended, the circuit court may, in its good discretion, postpone the revocation pending appeal. This without prejudice to the State's right to measure the sentence as being put into execution only when the defendant is legally ready to obey and endure it.

■ This discretion inheres in the evidence supporting revocation. In other

not affect * * * penalties imposed before the date of this enactment."

words, if the evidence suffices to support revocation (Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875), it also supports denial of bond pending appeal.

Until presented with a proper case, we forego commenting on whether the State can proceed in an appellate court to forestall a circuit judge's order enlarging an appellant in such a proceeding

In 6 Div. 222 and 223, the judgment revoking probation are due to be

Affirmed.

In 6 Div. 269, the disposition of the aforementioned appeals renders the petition moot. Hence, it will be and hereby is ordered to be

Dismissed.