Carl WALTERS *v.* STATE of Arkansas

CR 75-214                                  533 S.W. 2d 517

Opinion delivered March 8, 1976

*Harold L. Hall,* Public Defender, by: *Robert L. Lowery,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant challenges his sentence to five years' imprisonment with credit thereon for six months pretrial incarceration on a charge of assault with intent to kill by firing a pistol and wounding Levonia Gray. He contends that the court abused its discretion by requiring appellant to accept a greater term of imprisonment as a condition for receiving credit for pretrial incarceration, saying

that he was thereby effectively denied "jail time credit" solely on the basis of indigency.

The circuit judge first indicated that since he had given another man a three-year sentence, he would sentence appellant for three years. The deputy public defender representing appellant then called the court's attention to the fact that appellant had been in custody for six months, whereupon the judge said, "I'll give him five and give him credit for his jail time." Appellant's question whether he could get some kind of probation received a negative response. The judge then asked: "Which do you want? Three or five? You can get five with credit for your jail time or three without it. Which do you prefer?" Appellant answered, "Five" and was accordingly sentenced, with the requirement that he serve one-third of the sentence before being eligible for parole.

We agree that the manner in which the court's sentencing discretion was exercised was erroneous. A sentence must be definite, certain and not dependent upon any condition or contingency, unless there is specific statutory authorization. *State v. Sturgis,* 110 Me. 96, 85 A. 474 (1912). In the absence of statute, a court has no power to impose a sentence which gives, or imposes upon, the defendant a choice of alternatives. *State v. Johnson,* 30 N.J.S. 235, 104 A. 2d 87 (1954); *State v. Sturgis,* supra. If such a sentence is not void, it is at least irregular. *State v. Sturgis,* supra; *State v. Johnson,* supra; *Keene v. State,* 37 Ala. App. 713, 76 S. 2d 180 (1954).

Of course, we recognize that where there is an inconsistency, the sentence controls, not the judge's preliminary statements. *People v. Champtal,* 201 N.Y.S. 2d 125 (1960). See also, *United States v. Hark,* 320 U.S. 531, 64 S. Ct. 359, 88 L. Ed. 290 (1944), reh. den., 321 U.S. 802, 64 S. Ct. 517, 88 L. Ed. 1089 (1944). But the imposition of a greater sentence because of a good faith request for pretrial incarceration is in itself an abuse of the sentencing court's discretion. See *Lange v. State,* 54 Wis. 2d 569, 196 N.W. 2d 680 (1972).

It appears that the irregularity in sentencing was prejudicial to appellant and the state does not suggest that it was

not. This is the sort of error that may be corrected by reduction of the sentence as excessive under the provisions of Ark. Stat. Ann. § 43-2725.2 (Supp. 1975); *Abbott* v. *State*, 256 Ark. 558, 508 S.W. 2d 733. It is obvious that the three-year sentence originally proposed by the judge was arrived at without consideration of appellant's indigency or the time he had spent in jail awaiting trial, so appellant's sentence is reduced to three years with credit for six months' pretrial incarceration.

The judgment is accordingly modified and affirmed.