TYSON, Judge.
The two-count indictment charged Leslie Evans with the first degree murder of Hayes J. Tooson “by stabbing or cutting him with a knife” while having been convicted and serving a sentence of murder in the second degree from Jefferson County, Alabama, within twenty years prior to the stated offense. Experienced counsel was appointed to represent the appellant, and, following discovery proceedings and arraignment on the capital murder indictment, the trial court conducted a hearing and allowed the appellant to enter a plea of guilty, as charged, based upon the recommendation by the State that the second count of the indictment be struck, and because of a mitigating circumstance as brought before the court that the appellant be allowed to plead guilty to murder in the first degree, and that the State would recommend punishment of life imprisonment without parole.
The trial court then brought the appellant, his attorney, and the district attorney before the court and conducted a full and complete hearing on the voluntariness of the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, having ascertained that such plea was not brought about by any threat, intimidation, coercion, or other type of inducement, and after full advice by the trial judge as to the appellant’s constitutional rights, the appellant was allowed to enter the guilty plea to murder in the first degree, with a sentence of life without parole, and that such sentence would run concurrently with the thirty year sentence for murder in the second degree, which the appellant was then serving.
At the hearing, the State brought out the following mitigating circumstance: “That this crime was committed while the defendant (appellant) was under the influence of extreme emotional disturbance, and for that reason the State would recommend life without parole, rather than the death penalty.”
Following a full explanation of these matters to the appellant by his attorney and by the trial court, the appellant then entered his plea of guilty, which was ac *1285 cepted by the court. Sentence was set by the trial court accordingly.
The appellant now prosecutes an appeal from this action in which he asserts the following two issues:
(1) The unconstitutionality of the present Alabama Death Penalty Statute, §§ 13 — 11— 1, et seq., Code of Alabama 1975; and
(2) May the trial judge accept a plea of guilty instead of conducting a jury trial where a party has been indicted of first degree murder under the aforesaid “capital murder statutes”?
I
With reference to the constitutionality of §§ 13-11-1, et seq., Code of Alabama 1975, the constitutionality of these statutes have been upheld several times by this Court and recently by the Supreme Court of Alabama in Jacobs v. State, rehearing denied, (1978), Ala., 361 So.2d 640; and Evans v. State, rehearing overruled, (1978) 361 So.2d 666. The very issues argued by the appellant are answered in these opinions.
II
The appellant asserts that under §§ 13-11-1, et seq., Code of Alabama 1975, only the trial court, following a trial by a jury, may impose the death penalty pursuant to the aforesaid statutes. We do not agree.
While it is true that the aforesaid statutes do not expressly authorize the acceptance of a guilty plea in capital murder cases, nonetheless, such procedure is authorized in capital cases by virtue of the provisions of §§ 15-15-24(a). This statute authorizes the taking of such guilty plea by the court when, in the opinion of the trial court, a lesser punishment than the death penalty is warranted by a particular case. This statute expressly precludes the imposition of the death penalty without the intervention of a jury.
Since this is a question of first impression in this State, we point out that the appellant’s rights were here carefully protected in every respect by the trial court.
Because a trial judge, following a jury trial, wherein the jury imposed a sentence of death, might, at an aggravating or mitigating hearing following such trial, set punishment at life imprisonment without parole, § 13-11-4, Code of Alabama 1975; it seems clear that the trial court in an appropriate case may be allowed to invoke the provisions, as here, of § 15-15-24, Code of Alabama 1975. To hold otherwise would be to subject the appellant to undue hardship and harassment.
This Court has carefully examined this record and finds same to be free of error. The judgment is due to be and is hereby
AFFIRMED.
All the Judges concur; HARRIS, P. J., in result only.