372 So.2d 34 (1978)
Roosevelt YOUNGBLOOD
v.
STATE.
3 Div. 935.
Court of Criminal Appeals of Alabama.
October 31, 1978.
On Rehearing March 6, 1979.
Rehearing Denied March 27, 1979.
*35 B. F. Lovelace, Public Defender, Escambia County, Brewton, for appellant.
William J. Baxley, Atty. Gen., and Linda C. Breland, Asst. Atty. Gen., for the State, appellee.
Charles A. Graddick, Atty. Gen., and Edwin L. Yates and Linda C. Breland, Asst. Attys. Gen., for the State, appellee, on rehearing.

ON REHEARING
PER CURIAM.
On October 31, 1978, this court affirmed without an opinion the conviction and sentence of appellant-defendant. There was no application for a rehearing. On January 16, 1979, this court rendered an opinion in Prothro v. State, 370 So.2d 740, wherein instant case and Evans v. State, Ala.Cr. App., 362 So.2d 1284 (1978), were expressly overruled. To avoid confusion and to assure a final judgment of this court in the instant case conformable to the present views of this court, this case has been placed upon the rehearing docket ex mero motu.
The record herein shows that appellant-defendant was indicted under the Death Penalty and Life Imprisonment Without Parole Act (Act 213, 1975 Ala. Acts, p. 701, et seq., now Ala.Code 1975, § 13-11-1, et seq.) Upon arraignment he pleaded not guilty, but thereafter he and his counsel made it known to the trial court that he desired to withdraw his plea of "not guilty" and enter a "guilty" plea. The court then conducted a plenary hearing as to his understanding of all of his rights and concluded, properly we think, that he was acting in the premises voluntarily, intelligently and understandingly, and with full knowledge of all of his pertinent constitutional rights. The court then inquired of counsel for the State as to "the recommendation of the State" and was informed by such counsel that: "There are some mitigating circumstances" and: "The State would recommend at this time that the punishment or sentence for this offense be life imprisonment without parole."
Colloquy among the court, the defendant and counsel for the respective parties continued as follows:
"THE COURT: Roosevelt, with all these things in mind, are you telling the Court now that you wish to withdraw your plea of not guilty and plead guilty?
"THE DEFENDANT: That's right.
"THE COURT: I am going to accept his plea of guilt and I am going to accept the recommendation of the state in this case. Have you anything to say why the sentence of law shouldn't be imposed upon you?
"THE DEFENDANT: No, I don't.
"THE COURT; I am going to accept the recommendation of the State and sentence you to the State Penitentiary for life without parole."
A formal judgment adjudging defendant guilty as charged in the indictment and sentencing him to the "State Penitentiary" for life without parole was rendered and entered.
It is obvious from the above, and the rest of the record confirms, that no jury determined the guilt of the defendant; that no jury fixed his punishment. A majority in Prothro, supra, held that "a trial court in a capital case can neither determine the guilt nor fix the punishment of a defendant *36 without the intervention of a jury." Also, it was specifically held therein that in a prosecution under the Death Penalty and Life Imprisonment Without Parole Act of Alabama, supra:
"Neither the death sentence nor a sentence to life imprisonment without parole is permissible, whether by agreement of all concerned or not, in the absence of a verdict of a jury finding the defendant guilty and fixing his punishment at death."
In accordance with Prothro v. State, supra, as quoted above and as amplified in the opinion, the previous judgment herein affirming the judgment of the trial court should be set aside and a judgment now rendered reversing the judgment of the trial court and remanding this cause for further proceedings not in conflict with this opinion.
Although it is not held or indicated herein, or in Prothro, supra, that a plea of guilty cannot be entered and accepted in a prosecution under the Death Penalty and Life Imprisonment Without Parole Act, supra, it should be noted that any further proceeding under the indictment in this case should be without prejudice to defendant's unquestionable right to enter a plea of not guilty unprejudiced by the plea and position taken by him when tried and convicted. Furthermore, as he entered his previous plea on a premise that the law does not permit (even though all parties concerned were acting sincerely and were commendably working toward what they conceived to be a laudable goal), his previous plea of guilty is not to stand unless he continues to insist on it or renews a plea of guilty or the like, and then only after a hearing and determination that meets the requirements of tests for the acceptance of a guilty plea under circumstances existing at the time of the attempted entry of such plea.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this court under the provisions of § 6.10 of the New Judicial Article (constitutional Amendment No. 328). His opinion is hereby adopted as that of the court. A rehearing is granted appellant ex mero motu. The judgment of this court affirming the judgment of the trial court is set aside. The judgment of the trial court is reversed and the cause remanded for further proceedings not in conflict with this opinion.
APPLICATION GRANTED.
REVERSED AND REMANDED.
HARRIS, P. J., and BOOKOUT and BOWEN, JJ., concur.
TYSON and DeCARLO, JJ., dissent.

On Rehearing

ORDER
LEIGH M. CLARK, Retired Circuit Judge.
The application for rehearing is overruled without further opinion.
HARRIS, P. J., and BOOKOUT and BOWEN, JJ., concur.
TYSON and DeCARLO, JJ., dissent for reasons stated in Evans v. State, Ala.Cr. App., 362 So.2d 1284, and Prothro v. State, Ala.Cr.App., 370 So.2d 740, rehearing overruled, February 20, 1979.