HARRIS, Presiding Judge.
On April 5, 1978, the Grand Jury of Baldwin County, Alabama, returned an indictment against appellant charging him with manslaughter in the second degree. On July 18, 1978, appellant, in the presence of his retained counsel, was arraigned on said indictment, waived reading thereof, and pleaded not guilty. On September 19, 1979, appellant made a written demand for trial by jury in this case. His demand for a jury trial was denied by the trial court on September 24, 1979. On January 24, 1980, appellant was tried on said indictment by the court without the intervention of a jury. He was found guilty and the court adjudged him guilty as charged and assessed a fine of $500.00 and costs. From the judgment of conviction appellant brings this appeal. We reverse and remand for a new trial.
Section 15-18-20, 1975 Code of Alabama, provides:
“When an offense is punishable by imprisonment in the penitentiary or hard labor for the County, the court must impose the term of punishment, unless the power is expressly conferred on the jury.” (Emphasis supplied)
Section 13-1-92, 1975 Code of Alabama, provides:
“Any person who is convicted of manslaughter in the first degree shall, at the discretion of the jury, be imprisoned in the penitentiary for not less than one nor more than ten years, and any person who is convicted of manslaughter in the second degree shall, at the discretion of the jury, be imprisoned in the county jail or sentenced to hard labor for the county for not more than one year and may also be fined not more than $500.00.” (Emphasis supplied)
In all homicide cases in which there is an indictment for homicide committed before January 1, 1980, the effective date of Title 13A, Criminal Code, 1975, Code of Alabama, the burden of fixing the punishment is cast by law upon the jury and is a mandatory duty, and the trial court cannot relieve the jury of that duty and responsibility. In these cases Section 15-18-20, 1975 Code, is an express limitation on the power and authority of the court to impose a sentence in manslaughter cases, since that power is expressly conferred on the jury. Ex parte Wesley, 31 Ala.App. 323, 16 So.2d 427; Bankhead v. State, 124 Ala. 14, 26 So. 979; Bates v. State, 170 Ala. 26, 54 So. 432; Powell v. State, 30 Ala.App. 606, 10 So.2d 867; Alford v. State, 243 Ala. 404, 10 So.2d 373. See also Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858.
We do not deem it necessary to set forth the evidence in this case. The error of law is apparent on the fact of the record. The court erred in denying appellant’s written demand for a trial by jury even though the demand was not made in strict conformity with Section 15-14-30, 1975 Code.
REVERSED AND REMANDED.
TYSON and DeCARLO, JJ., concur.
BOOKOUT, J., dissents with opinion, in which BOWEN, J., joins.