PATTERSON, Judge.
Jesse Norris filed a A.R.Cr.P.Temp. 20 petition contesting the validity of his 1966 convictions for grand larceny and robbery pursuant to which he was sentenced to imprisonment for a term of ten years and for a term of one year and a day. (It is not specified which sentence applied to which conviction.) Norris’s convictions were based on his pleas of guilty. The trial court dismissed Norris’s Rule 20 petition without an evidentiary hearing, on its findings that Norris’s petition is without merit, is successive (Rule 20.2(b)), and is precluded by the applicable statute of limitations (Rule 20.2(c)).
Norris, in his pro se brief, contends that this ruling was erroneous. We first note that the record offers absolutely no evidence of the instant petition's being successive.[1] However, all grounds raised in Norris’s petition, with the exception of one, were foreclosed by the applicable statute of limitations, because Rule 20.2(c) bars any consideration of the grounds specified in Rule 20.1(a) and (f). The exception is the allegation, suggested by Rule 20.1(b), that “[t]he court was without jurisdiction to render judgment or to impose sentence.” In support of this ground, Norris alleged the following:

“FACTS:

“The charge of Robbery, in Case No. 13478, was a capital offense under statutory law. The Court, sitting without jury, was without authority to accept guilty plea to offense of Robbery. Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d *48 858 [1955]; Smith v. State, 11 Ala.App. 153, 155, 65 So. 693 [1914].”[2]
We find no appropriate application of Smith v. State. In Ex parte Jenkins, the court, by petition for writ of error, reviewed the trial court’s action, without the intervention of a jury, in adjudging the accused guilty of robbery and imposing a sentence of 15 years’ imprisonment. The reviewing court first took note of the following statutes:
Title 14, § 415 — “Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years.”
Title 30, § 70 — “At any time before a special venire has been drawn for the trial of any capital case, if the defendant enters a plea of guilty or in writing waives the right of a special venire, such plea of guilty or such waiver of special venire shall be entered of record, and, in either event, no special jury or venire shall be necessary for the trial of such cause; but the trial of the cause shall be had and the question of the degree of guilt must be ascertained and the punishment fixed by a jury to be selected from the panel of regular petit jurors organized by the court during the week such case is set for trial, in the same matter as juries are organized for the trial of felonies not capital; and the state and the defendant shall be allowed the same number of peremptory challenges as they are respectively allowed in the trial of felonies not capital.” (Emphasis added.)
Then, the court observed the following:
“The appellate courts of this state have reviewed many eases in which the trial judge fixed the punishment when he was not authorized by statute to do so. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. [Citations omitted.]”
Id. at 118, 76 So.2d at 858. The reviewing court then reversed on the authority of Ex parte Wesley, 31 Ala.App. 323, 16 So.2d 427 (1944), wherein the lower court, without the intervention of a jury, accepted the accused’s guilty plea to first degree manslaughter (without the accused’s having waived a jury trial) and sentenced him. The Wesley court found, on reviewing this procedure by petition for writ of error, that “the trial judge transcended his authority in adjudging the defendant guilty, and also in fixing his punishment.” Id. at 324, 16 So.2d at 428.
In Houston v. State, 37 Ala.App. 359, 68 So.2d 735 (1953), the judgment entry showed that, upon the appellant’s arraignment on the capital offense charge of carnal knowledge of a girl under 12 years of age, he entered a plea of guilty; that he was adjudged guilty by the court; and that he was sentenced to imprisonment for 10 years. All this was done without the intervention of a jury. The court, on direct appeal, held that the case should be reversed for failure to follow Title 14, § 398, requiring that punishment be fixed by a jury and Title 30, § 70, requiring that, in a capital case where a defendant pleads guilty, a trial shall be had and the degree of guilt and punishment should be fixed by a jury. See also Prothro v. State, 370 So.2d 740, 745 (Ala.Cr.App.1979) (wherein Judge Clark, in explaining the constitutionality of § 13-11-1, et seq., noted that Title 30, § 70 “definitely establishes that a trial court in a capital case can neither determine the guilt nor fix the punishment of a defendant without the intervention of a jury”).
Based upon this authority, it appears that, since robbery was a capital offense in 1966, the trial court usurped the jury’s prerogative under the statutes then in effect. The question, thus, becomes whether the actions of the trial court are void, for lack of jurisdiction. The court in Lott v. State, 43 Ala.App. 256, 188 So.2d 285, cert. denied, 279 Ala. 688, 188 So.2d 287 (1966), in reviewing the denial of a petition for writ of error coram nobis wherein the peti *49 tioner contested the validity of his sentences for his three robbery convictions pursuant to his pleas of guilty, held that the fact that his punishment was fixed by the court instead of by a jury is a procedural error which cannot be raised in a coram nobis proceeding. The court foreclosed a similar claim in Isbell v. State, 42 Ala.App. 498, 169 So.2d 27 (1964). In Thomas v. State, 40 Ala.App. 697, 122 So.2d 535 (1960), the court reviewed the trial court’s striking the petitioner’s petition for writ of habeas corpus wherein the petitioner contested the legality of his detention pursuant to sentences for his robbery convictions, which were based upon his pleas of guilty. After recognizing that the conviction of robbery, a capital offense, puts the fixing of punishment with a jury, the court noted that, had this issue been raised by error or appeal, the judgments would have been reversed. The court then continued, as follows:
“However, habeas corpus does not serve the office of appeal: it must reach some fundamental apparent illegality. Thomas, who was represented by counsel in open court, changed his plea from not guilty to guilty, stood by, and without objection accepted a minimum sentence upon the solicitor’s agreement. See Keene v. State, 37 Ala.App. 713, 76 So.2d 180; Annotation 76 A.L.R. 468.
“His time for appeal now long past, Thomas may not, without trenching on invited error, use the judge’s lapsus lin-guae as a talking point for his freedom.
“It is clear by analogy from the answer to the certified question of this court given by our Supreme Court in Ex parte Tanner, 219 Ala. 7, 121 So. 423 [1929], that the trial judge’s fixing punishment instead of his putting it to a jury is error but not of such degree as to void the judgment. We see no Fourteenth Amendment due process question, Cross v. State of North Carolina, 132 U.S. 131, 140, 10 S.Ct. 47, 50, 33 L.Ed. 287 ...; nor under § 6 of our Constitution.
“Thomas’s plea of guilt authorized the court to pass judgment on him. Code 1940, T. 15, § 277[3], which, on a plea of guilty, permits the trial judge to examine witnesses to determine the character of the offense, is for the benefit of the court and is not mandatory. Martin v. State, 62 Ala. 240.”
Id. at 698, 122 So.2d at 536. See also Smith v. State, 23 Ala.App. 72, 72, 121 So. 692, 692 (1929) (wherein the court, in affirming the trial court’s denial of the petitioner’s habeas corpus, held that “[w]hile the judge acted without authority [in fixing the accused’s punishment], the jurisdiction of the court was not exceeded, and the act of the judge is reviewable on appeal, but not on habeas corpus”); Luquire v. State, 42 Ala.App. 652, 177 So.2d 106 (1965) (wherein the court followed Smith v. State in holding that the petitioner’s allegation that the judgment entry of guilty to robbery was entered without impaneling a jury and having it fix the penalty was not cognizable by petition for habeas corpus because the imposition of the sentence by the trial court was not void).
In Seibold v. State, 382 So.2d 1141 (Ala.Cr.App.1979), cert. denied, 382 So.2d 1146 (Ala.1980), the court reviewed the lower court’s denial of the petitioner’s claim, in a petition for writ of error coram nobis, that the trial court erred, in his three 1979 first degree murder cases, in determining, without the intervention of a jury, that the petitioner was guilty of first degree murder and in fixing his punishment. The court first noted, “[A]ppellant is correct in his insistence that, in accordance with the law as it appeared at the time appellant was convicted and sentenced ..., a jury should have been utilized to determine whether he was guilty of murder in the first degree and fix his punishment, even though he had entered a plea of guilty.” Id. at 1145 (emphasis in original). How *50 ever, the court declined to reverse. The court reasoned that, since the subsequent holding of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), was retrospective, the “then apparently existing capital punishment laws of Alabama did not actually exist,” 382 So.2d at 1145, and that Furman removed the capital nature of all prior capital crimes, id. The court concluded,
“Therefore, the law that appeared to apply as to the necessity for a jury determination did not actually apply. It follows necessarily that as none of the offenses involved was a capital offense, the provisions of statutory law applying to capital crimes were not violated by the court’s proceeding as it did without a jury.”
Id. The court could not have reached this conclusion had the requirement of intervention of a jury been jurisdictional.
In Spears v. State, 428 So.2d 174, 178 (Ala.Cr.App.1982), in answering the appellant’s allegation that the trial court committed reversible error in fixing his punishment without a jury upon a jury’s verdict (resting on his plea of guilty) for his 1980 commission of capital murder, the court explicitly held that jury participation, under the statutes then in effect, was not a jurisdictional requirement.[4]
“Appellant correctly relies on Prothro v. State, 370 So.2d 740 (Ala.Cr.App.1979), and Youngblood v. State, 372 So.2d 34 (Ala.Cr.App.1979), for the proposition that our law requires participation of a jury in both the guilt and penalty phases of a capital case. However, we find that Prothro and Youngblood are not controlling here in view of the fact that appellant’s guilty plea waives all nonjurisdic-tional defects, including the defect of which appellant complains. See Graham v. State, 403 So.2d 275 (Ala.Cr.App.1980), and Lane v. State, 412 So.2d 292 (Ala.1982), and authorities cited therein. The Lane decision makes it abundantly clear that all nonjurisdictional defects are waived by a voluntary guilty plea in a capital case wherein the death penalty is not imposed.”
Pursuant to this authority, we hold that Norris’s allegation is without merit, for the lack of jury participation did not affect the trial court’s jurisdiction, and Norris’s claim is not cognizable under Rule 20.[5] Thus, the lower court properly dismissed Norris’s petition, and this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. The record contains two case action summaries showing that Norris filed several petitions for writ of error coram nobis, but it further shows that these petitions were contesting the validity of different convictions, Norris’s two 1981 convictions for first degree robbery, which were based on jury verdicts.

. We assume that the trial court, rather than a jury, also imposed the sentence.

3. Title 15, § 277, at the time, provided as follows:
"If he pleads guilty, no special venire need be drawn, but the court must cause the punishment to be determined by a jury, except where the punishment is by law required to be fixed by the court, and may, in all cases in which a plea of guilty is entered, cause witnesses to be examined, to ascertain the character of the offense.”

. We express no view on the dicta in Cox v. Slate, 462 So.2d 1047, 1051 (Ala.Cr.App.1985), and Elder v. State, 494 So.2d 922, 923 (Ala.Cr.App.1986), to the effect that the requirement of § 13A-5-42 that the accused's guilt be proved beyond a reasonable doubt to a jury is jurisdictional and that the trial court has no jurisdiction to accept a guilty plea in a capital case without empaneling a jury to try the question of guilt. See also Russo v. State, 548 So.2d 1083 (Ala.Cr.App.1989). Section 13A-5-42, unlike the prior capital statutes, requires that the prosecution "in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury,” and it states that all non-jurisdictional defects will be waived except the sufficiency of the evidence.

. We consider this holding to not be in conflict with McCoy v. State, 455 So.2d 88 (Ala.Cr.App.1984), but rather to resolve the ambiguity expressed by the McCoy court.