34 So.2d 506

**TAYLOR v. STATE.**

3 Div. 891.

Court of Appeals of Alabama.

March 16, 1948.

Rains & Rains, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a final order and judgment of Honorable Eugene Carter, as Judge of the circuit court of Montgomery County, wherein appellant's petition for writ of habeas corpus was denied.

Appellant based his petition for writ of habeas corpus upon the statement of fact, which appears from the record, to be uncontroverted.

Petitioner, John Taylor, alias Johnnie Taylor, was sentenced in Etowah County, Alabama, for the offense of murder in the second degree to the State penitentiary for a flat term of 17 years on the 21st day of December, 1932, and at which time he began serving his sentence. On the 6th day of September, 1933, he was released by order of the Governor on a 60 day temporary parole, from which he returned on November, 1933. On December 20, 1933, he was paroled pending good behavior. This parole was revoked on January 25, 1937, and he was received back at Kilby from this parole on the 3rd of February, 1937, some 9 days after revocation of his parole. On March 22, 1938, he was temporarily paroled for 30 days and this was further extended another 30 days on the 22nd day of April 1938, and still another extension granted to him on the 21st day of May, 1938, to the 23rd day of June, 1938. On June 19, 1939, he was paroled pending good behavior and this parole was revoked May 13, 1940, and he was received from revoked parole on May 29, 1940, some 16 days after revocation of parole. He was paroled pending good behavior on the 2nd of September, 1944 and was declared delinquent October 13, 1944, and was received from delinquency on that same date at Kilby Prison. The revocation order by the Parole Board was dated November 11, 1944. On January 8, 1945, Johnnie Taylor left the prison and was classified as an escapee. The records introduced show demotion to Class "C" on February 3, 1937, for revoked parole, and demoted to

Class "C" on the 29th day of May, 1940, and the 13th of October, 1944, for the same offense. He was demoted to Class "C" on the 8th of August, 1946, for the offense of escaping. These are the only demotions on his record and the only punishment shown.

The record herein, with exhibits attached thereto, show this appellant to have been convicted in the Circuit Court of Etowah County, Alabama, for the offense of murder in the second degree and to have been sentenced to imprisonment in the State penitentiary for a term of 17 years commencing on the 21st day of December 1932. Said record further discloses that prior to August 25, 1939, the effective date of the present Pardon and Parole Board Act, Code 1940, Tit. 42, § 1 et seq., this appellant received temporary paroles amounting to some 5 months and 2 days and that appellant further received paroles pending good behavior amounting to 3 years, 3 months and 11 days, all of which were had prior to August 25, 1939, as above stated.

The record further discloses that this appellant escaped from Kilby Prison on January 8, 1945 and was recaptured and returned to the custody of the officials of the State of Alabama upon August 7, 1946, some 1 year, 6 months and 29 days elapsing between said dates.

The State of Alabama takes the position that said petitioner has not completed service of the sentence imposed upon him by law and is therefore not entitled to his release at this time.

Petitioner's contention is that his sentence expired on July 16, 1944 under the law deducting 10 days per month on sentence of 10 years and over. This is the so-called "Good Time Law," 1940 Code of Alabama, Title 45, Sections 253, 254 and 255. And states, "we have added 25 days to the usual time because that is the number of days he spent out of the penitentiary as a delinquent from a revoked parole and a time which we do not believe should be given credit. The law creating the "Good Time" provided that it should be retroactive for all prisoners and therefore should be credited to Johnnie Taylor as well as to all prisoners. As will be noted, the date of July 16, 1944 preceded both the parole granted by the present Pardon and Parole Board and his alleged escape by several months. Consequently, as we understand the law, neither the Pardon and Parole Board nor the State Department of Corrections and Institutions had any authority to deprive him of his liberty. Under this law, the Director of the Department of Corrections and Institutions must review the prisoner's record and determine from that record, and that record alone, as to whether the prisoner should be released. The only discretion that we see that the Director has is when a prisoner's record is bad and in that case he is given the discretion of allowing good time deductions or not. Under the present circumstances we see no choice of using that discretion since the record shows no violations of prison rules and an exemplary life led by the appellant while behind prison bars at Kilby.

"Petitioner further contends that time out on parole constitutes a serving of the sentence while out on such parole."

It affirmatively appears from the record that the learned Circuit Judge, before whom this matter was heard and determined, after a thorough and very careful hearing, passed upon the one issue involved, and rendered the following judgment, in words and figures as follows:

"On this, the 15th day of December, 1947, come the Petitioner, John Taylor, alias Johnnie Taylor, in his own proper person and attended by his attorneys, comes also the Respondents.

"This matter now coming on to be heard is submitted for the decision of the court upon the demurrer filed herein by the Petitioner to Respondents' return to the Petitioner's Writ of Habeas Corpus, and upon consideration of the same the Court is of opinion that the said demurrer is not well taken.

"It is, therefore,

"Ordered, Adjudged, and Decreed by the Court, That said demurrer be and the same is hereby overruled.

"Thereupon, issue being joined by the parties on the petition of John Taylor, alias Johnnie Taylor, for Writ of Habeas

Corpus, the Court proceeds to try the issue involved in this cause, and all the testimony having been heard by the Court, it is the judgment of the Court, and it is hereby

"Ordered, Adjudged and Decreed by the Court, That the issues involved in this case are found in favor of the Respondents, and adversely to the Petitioner, John Taylor, alias Johnnie Taylor, and that the Petition for Writ of Habeas Corpus be and the same is hereby in all things denied.

"It is Further Ordered that the Petitioner be remanded to the custody of the Warden of Kilby Prison and to remain until discharged by due course of law.

"It is Further Considered, Ordered and Adjudged That the costs of this proceeding be taxed against the said John Taylor, alias Johnnie Taylor, for which let execution issue.

"Dated this the 15th day of December, 1947.

"s/ Eugene W. Carter
(Eugene W. Carter)
"As Judge of the Circuit Court of Montgomery County, Alabama."

The foregoing action of the Circuit Judge is in line with the opinion entertained by this court. After careful and attentive consideration of the whole record, we find nothing that would necessitate or warrant the reversal of the order and judgment from which this appeal was taken.

Affirmed.