43 So.2d 398
## PRESTON v. PRESTON.
### 6 Div. 937.

Supreme Court of Alabama.

Dec. 22, 1949.

John D. Prince, Jr., of Birmingham, for appellant.

Frederick V. Wells, of Birmingham, for appellee.

BROWN, Justice.

This appeal is from a final decree dismissing the complainant's bill. The bill as characterized by complainant is "a Bill of Review or a bill in the nature of a bill of review" and seeks to annul, set aside and vacate the decree of divorce heretofore granted to the defendant, plaintiff's husband, on February 5, 1940, in case No. 46827 in the same court in which the bill was filed. The bill alleges in substance that the divorce was granted on a cross-bill filed in said case by the defendant. The attack on the decree of divorce is seemingly made on the ground that the complainant had instructed her solicitor in said cause to dismiss her original bill which was filed by her said solicitor without her knowledge and consent and which she had instructed him to dismiss. The allegations of the bill on proper attack may violate the rules of good pleading laid down in Equity Rule 11, Code of 1940, Tit. 7 Appendix, p. 1050, but no such attack is presented on this appeal. The defendant filed pleadings which he characterized as "plea in abatement, answer and demurrer" and the cause coming on to be heard was submitted for decree only on the complainant's motion to strike the plea in abatement. The plea avers:

"That the Complainant herein filed a suit in this Court in Case no. 49634, which was between the identical parties, and which covered the identical subject-matter covered by the Complainant's Bill in this cause, and that on to-wit: July 13th, 1942, said cause No. 49634 was dismissed by this Honorable Court, and the costs of

said proceeding taxed against the Complainant herein. This Respondent further shows that said costs of $27.45 have not been paid, and, this Respondent prays that this cause be abated until said costs have been paid by the Complainant."

The decree rendered by the Court is in the following words.

"Decree Sustaining Plea and Dismissing Bill.

"This cause was submitted to the Court without argument upon complainant's motion to strike the respondent's plea in abatement. Upon consideration thereof, the Court is of the opinion that the following decree should be rendered. It is, therefore, Ordered, adjudged and decreed by the Court as follows:

"1. That respondent's plea in abatement be and the same is hereby sustained.

"2. That complainant's motion to strike be and the same is hereby overruled.

"3. That this cause be and it is hereby dismissed.

"4. Court costs accrued herein are hereby taxed against the complainant, for which execution may issue.

"Done and ordered this the 15th day of June, 1949.

"Filed in office June 15, 1949. * * *."

The only matter taken under submission by the Court was the motion to strike the plea in abatement. Submission was not taken on the sufficiency of the plea nor was any proof made of the allegations of the plea. The decree, therefore, sustaining the plea and dismissing the bill constituted error for which the decree must be reversed. Stewart v. Burgin et al., 219 Ala. 131, 134, 121 So. 420; Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

The learned circuit judge seems to have relied on the principle that a court takes judicial knowledge of its own reccords. That is true for a limited purpose only. This principle does not apply nor does it justify the Court in supplying material evidence in the case to be decided. If such evidence is or can be found in the records of the court, it must be offered by the parties and in equity cases noted as required by Equity Rule 57, Code of 1940, Title 7 Appendix, p. 1095. Catts v. Phillips, 217 Ala. 488, 117 So. 34; Anders et al. v. Lattinmer et al., 198 Ala. 573, 73 So. 925.

For the error noted, the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.