120 So.2d 751

**Eddie JEMISON**

**v.**

**STATE of Alabama.**

1 Div. 898.

Supreme Court of Alabama.

May 19, 1960.

Maurice A. Downing, Mobile, for petitioner.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., opposed.

GOODWYN, Justice.

Petition for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Jemison v. State of Alabama, 120 So.2d 748.

We have no alternative but to strike the petition because it is not on transcript paper, as required by Rule 32 of the Revised Rules of the Supreme Court, 261 Ala. XIX, XXXI (formerly Supreme Court Rule 36, Code 1940, Tit. 7, Appendix). Conley v. State, 265 Ala. 450, 92 So.2d 9; Williams v. State, 258 Ala. 638, 64 So.2d 617; Duckett v. State, 257 Ala. 589, 60 So.2d 357, and authorities cited in those cases.

Rule 39 of the Revised Rules of this court provides that a petition for certiorari to the Court of Appeals must be filed here within fifteen days after the overruling of an application for rehearing by that court. The application for rehearing in this case was overruled on February 23, 1960. The original petition for certiorari (not on transcript paper) was filed on March 7, 1960. On March 10, 1960, the Attorney General moved to strike the petition on the ground that it was not on transcript paper. On March 15, 1960, petitioner moved for leave to resubmit his petition on transcript paper within ten days. No action was taken on this motion. On March 21, 1960, such petition was received in the Clerk's office. A comparable situation was presented in Houston v. State, 265 Ala. 588, 93 So.2d 439. The effect of the holding there was that the filing for the first time, of a petition on transcript paper, after expiration of the prescribed fifteen days, did not meet the requirements of the rule.

As we see it, nothing would be gained by discussing the merits of the petition. Anything said would be dictum.

Petition stricken.

SIMPSON, MERRILL and COLEMAN, JJ., concur.