132 So.2d 269

**Edward A. ROCKHOLT**

v.

**STATE.**

**3 Div. 81.**

Court of Appeals of Alabama.

June 30, 1961.

———◆———

Edward A. Rockholt, pro se.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

Edward A. Rockholt filed in the Circuit Court of Montgomery County, Alabama, a petition for habeas corpus to be directed to the Warden of Kilby Prison.

Petitioner alleged that he was sentenced to the state penitentiary from Lauderdale County, Alabama, for a term of fifteen years; that his sentence started on February 14, 1950; that he escaped on December 12, 1951, and was returned to prison on March 16, 1953; that he served 9 days in solitary confinement in May 1953, as punishment for such escape; that petitioner was given a parole on February 4, 1957, but that he was arrested on July 17, 1958, for the investigation of a burglary and his parole was revoked, but that on (November 4, 1961) he was tried and acquitted of said offense. Petitioner further alleged that he has been sufficiently punished for his escape, and that he was entitled to be released, under the so-called "Good Time Law," on October 4, 1960.

The state filed a motion to dismiss the petition on the grounds that the petition affirmatively shows the prisoner is not entitled to a reduction in the term of his sentence for good conduct, as provided by Sections 253 and 256 of Title 45 of the Code of 1940.

The court, after a hearing on the petition and the motion, granted the state's motion to dismiss the petition. Petitioner appeals.

Sections 253 and 256 of Title 45, Code, supra, provide for certain deductions from the term of sentence of a prisoner, "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment."

Section 254, Title 45, Code, supra, gives to the Director of the Department of Corrections and Institutions the power to restore to a prisoner such forfeited portions of his deductions from the term of sentence, "as may be proper, in his judgment, upon recommendation and evidence submitted to him by the warden in charge."

In Taylor v. State, 33 Ala.App. 449, 34 So.2d 506, 507, the court said:

"Under this law, the Director of the Department of Corrections and Institutions must review the prisoner's record and determine from that record, and that record alone, as to whether the prisoner should be released. The only discretion that we see that the Director has is when a prisoner's record is bad and in that case he is given the discretion of allowing good time deductions or not."

It affirmatively appears from the petition that the prisoner escaped from prison on December 12, 1951, and that he was thereafter on parole and his parole was revoked on June 17, 1958. Under the decision of the Taylor case, supra, the Commissioner of Corrections is given the discretion, after reviewing the record to allow or disallow good time deductions.

The petition is insufficient to make out a prima facie case for the granting of the writ of habeas corpus. The action of the circuit judge in dismissing the petition is affirmed.

Affirmed.