154 So.2d 762

**Ex parte Johnny Virgil NATIONS.**

**3 Div. 153.**

Court of Appeals of Alabama.

May 28, 1963.

Rehearing Denied June 20, 1963.

CATES, Judge.

Nations asks us to call up by certiorari the record of the Montgomery Circuit Court in a proceeding wherein he claims he was remanded to Kilby Prison after a hearing on habeas corpus.

The Attorney General has moved that we dismiss the petition, listing as grounds:

1) That the petition is not on transcript paper as required by Rule 32 of the Supreme Court, 261 Ala. xxxi.

2) That ground 1 requires that the petition be stricken, citing Ex parte Davis, 269 Ala. 58, 110 So.2d 306; Brown v. State, 269 Ala. 180, 112 So.2d 504; and Jemison v. State, 270 Ala. 589, 120 So.2d 751.

3) That the petition is for mandamus to compel "officials of the Circuit Court" to send up the record for an appeal.

4) [Conclusionary as to office of writ.]

5) That Nations does not allege he has paid or offered to pay for the papers he wants.

6), 7), 8), 9), 10) and 11) Prefaced by the assertion "it affirmatively appears," raise various reasons why the Griffin v. Illinois statute (Act No. 62, September 15, 1961) does not apply to habeas corpus appeals.

12) Raises our taking notice of Nations v. State, and the decision therein, 41 Ala. App. 581, 141 So.2d 537.

### I.

Rule 32 cited in ground 1 reads:

"All applications to this court to admit bail, or for the writ of habeas corpus, mandamus, or other writ or process depending on motion of this court, together with all papers and proceedings touching the same, shall be presented on folio paper, of the pattern now required by the rule for ordinary transcripts, so that the same may be in suitable form for binding; and no application shall be heard that is not so presented."

Johnny Virgil Nations pro se.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

The purpose of Rule 32 is to leave well bound records. The size of the paper has prescribed the size of the record racks and the use of much space in the Judicial Building. To change the system of record keeping would entail a considerable expense. Moreover, the use of noncomplying paper (unless promptly filmed) gives no assurance against fading and rot.

Rule 32 is enforceable where the litigants have the means, both monetary and otherwise, to get the required paper; however, we are not disposed to cut off a prisoner's post-conviction remedies merely on the bald reference to the Rule. Thomas v. State, 40 Ala.App. 697, 122 So.2d 535; Const.1901, § 13 (in the light of Quick v. Western Ry. of Alabama, 207 Ala. 376, 92 So. 608—life convict civilly dead, hence other convicts necessarily have right of access to courts); Sweet v. State, 233 Ind. 160, 117 N.E.2d 745; U.S.Const., 14th Amendment, Equal Protection Clause; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (no question of civiliter mortuus put to courts).

If we were to be shown, for example, that the prison canteen sold the paper at a price within the reach of a particular prisoner, then we do not doubt that invoking Rule 32 would be proper. But in the instant case we cannot ground dismissal on Rule 32.

## II.

Ground 12 of the motion is, however, well taken. Though res judicata does not operate as an inflexible rule to prevent successive habeas corpus hearings, there is nevertheless a doctrine against a rehash of prior claims. 25 Am.Jur., Habeas Corpus, § 156; 39 C.J.S. Habeas Corpus § 105. Cf. Code 1940, T. 15, § 193, as to habeas corpus for bail.

We do not consider a circuit court can deny a hearing to a petitioner merely because of knowing of a conviction which *might* justify a commitment to the penitentiary. The intervention of a pardon, for example, might have rendered the judgment functus officio. Magee v. State, ante, p. 71, 152 So.2d 443.

However, once a certified mittimus meeting the requirements of Code 1940, T. 15, § 27, and T. 45, § 57 (particularly the last clause of the latter section reading, "* * and a copy of the transcript of the conviction and sentence filed with the department and certified by it to be correct, shall be received as evidence of such conviction") has been filed with the warden's return to the writ, there is then and there a prima facie valid basis to detain the prisoner for the duration of the term of the sentence. After the full time set out in the original sentence is past, no one can presume that the detention is justified.

The convict can, of course, refute such a return to habeas corpus by showing (1) a certified order for (or other proper record) a valid and subsisting allowance of good time which, as of the date of his petition, unequivocally entitles him to discharge from the sentence previously established by record evidence *on which the State then relies to detain him*; or (2) a pardon. Rockholt v. State, 41 Ala.App. 337, 132 So.2d 269; Ex parte Carpenter, ante, p. 97, 153 So.2d 656; Cazalas v. State, ante, p. 72, 152 So.2d 444.

Applying the foregoing to the record in this court, Nations v. State, 41 Ala.App. 581, 141 So.2d 537, we find a return of the warden. This return (while deficient in not showing when Nations was received from the sheriff of Etowah County) nevertheless is prima facie good to justify Nations's detention at least until October 30, 1981, i. e., twenty years from the date of his sentencing.

On the prior hearing before the Montgomery Circuit Court March 27, 1962, Nations claimed that he was "refused time to obtain sufficient and adequate legal counsel by the trial court," i. e., the Circuit Court of Etowah County.

The return to the Montgomery Circuit Court showed (a) the robbery indictment of the grand jury of Etowah County was put in the hands of the sheriff September 18, 1961; (b) on the 29th of September the court appointed a competent attorney to represent and defend Nations; (c) Nations was arraigned October 16, 1961; (d) trial with jury and verdict was had with judgment October 27, 1961; and (e) allocutus and sentence were pronounced October 30, 1961. At each and every step from and including arraignment the records of the Etowah Circuit Court affirmatively show that Nations was continuously present in person in open court attended by counsel.

Now he asks us to employ our discretion to again inspect the actions of the Circuit Court of Montgomery County on a hearing held February 20, 1963, on another habeas corpus application.

▆ While we could also refer our decision to many of Nations's claims which could only be raised, if at all, by coram nobis and to the failure of the instant petition to set forth a copy of the second habeas corpus application,[1] we choose instead to deny certiorari because we consider its use is not warranted without some indication that the prior case has altered.

Repeated identical habeas corpus claims find no encouragement in the Supreme Court of the United States—certainly on a ground heard and denied on former application. This was recently affirmed by Mr. Justice Brennan in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148.

"At common law, the denial by a court or judge of an application for habeas corpus was not *res judicata*. King v. Suddis, 1 East 306, * * * (K.B. 1801); Burdett v. Abbot, 14 East 1, 90, * * * (K.B.1811); Ex parte Partington, 13 M. & W. 679, * * * (Ex.1845); Church, Habeas Corpus (1884), § 386; Ferris and Ferris, Extraordinary Legal Remedies (1926)

§ 55. 'A person detained in custody might thus proceed from court to court until he obtained his liberty.' Cox v. Hakes, [1890] A.C. 506, 527 (H.L.). That this was a principle of our law of habeas corpus as well as the English was assumed to be the case from the earliest days of federal habeas corpus jurisdiction. Cf. Ex parte Burford, 3 Cranch 447, 2 L.Ed. 495 (Chief Justice Marshall). Since then, it has become settled in an unbroken line of decisions. * * *"

Following this prelude, the opinion continues:

"* * * our decisions under habeas corpus have identified situations where denial without hearing is proper even though a second or successive application states a claim for relief. One such situation is that involved in Salinger v. Loisel, supra [265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989]. There, a first application for habeas corpus had been denied, after hearing, by one District Court, and the denial was affirmed by the Court of Appeals. The prisoner then filed subsequent applications, all identical to the first, in a different District Court. We indicated that the subsequent applications might properly have been denied simply on the basis that the first denial had followed a full hearing on the merits. We there announced a governing principle; while reaffirming the inapplicability of res judicata to habeas, we said: 'each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are * * * a prior refusal to discharge on a like application.' 265 U.S., at 231, 44 S.Ct., at 521, 68 L.Ed. 989. The Court quoted approvingly from Mr. Justice Field's

1. See Ex parte Cleveland, 36 Ala. 306; Ex parte Brown, 63 Ala. 187.

opinion in Ex parte Cuddy, supra, 40 F. at 66: ' "The action of the court or justice on the second application will naturally be affected to some degree by the character of the court or officer to whom the first application was made, and the fullness of the consideration given to it." ' 265 U.S., at 231–232, 44 S.Ct., at 522, 68 L.Ed. 989. The petitioner's successive applications were properly denied because he sought to retry a claim previously fully considered and decided against him. * * *" (Omitting footnotes.)

Since we consider we should have affirmed an appeal from this second habeas corpus application as it is put to us, we see no abuse of certiorari if we deny the writ in manner as though an appeal had been taken.

The petition is, on the motion of the Attorney General, dismissed and the writ denied.

Motion granted; petition for certiorari dismissed with writ denied.