171 So.2d 461

**Gary Ganus GURLEY**

v.

**STATE of Alabama.**

**3 Div. 181.**

Court of Appeals of Alabama.

Feb. 2, 1965.

---

Gary Ganus Gurley, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This original proceeding comes labeled as:

"* * * an appeal from the order of September, 15th 1964, denying a petition for writ of habeas corpus and dismissing same, rendered by the Circuit Court of Montgomery County, Alabama, Honorable Eugene W. Carter, Presiding."

■ There seems to be a common misconception among convicted prisoners that merely noting an appeal into the appellate court serves to activate the trial court to send up the record. The practice in Alabama is vice versa. Code 1940, T. 15, § 369.

By way of gratuitous dictum, it would appear that the matters complained of relating to administrative prison discipline are covered in Rockholt v. State, 41 Ala. App. 337, 132 So.2d 269, Phillips v. State, 41 Ala.App. 393, 133 So.2d 512, Artrip v. State, 41 Ala.App. 492, 136 So.2d 574 (except as reliance on Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595), Magee v. State, 42 Ala.App. 71, 152 So.2d 443, and Cazalas v. State, 42 Ala.App. 72, 152 So.2d 444, to cite representative cases.

Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, involves the requisites of a plenary hearing in a United States District Court.

■ The Attorney General's motion to strike rests on an apt ground, viz.:

"A notice of appeal should be filed in the trial court."

■ Denial of habeas corpus is not res judicata, hence granting the State's motion is without prejudice.

Motion to strike granted; petition dismissed.