200 So.2d 493

**Jessie D. GLISSON**

v.

**STATE.**

**3 Div. 231.**

Court of Appeals of Alabama.

Jan. 17, 1967.

Rehearing Denied March 14, 1967.

Affirmed on Mandate June 30, 1967.

See also ante p. 470, 192 So.2d 476.

Elno A. Smith, Jr., Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal from denial of coram nobis was submitted on oral argument December 20, 1966.

We have viewed Glisson's prayer as making this in fact a habeas corpus proceeding.

In 1950 Glisson was sentenced to sixteen years imprisonment. Later, while on parole therefrom, he was convicted of grand larceny. For this he was, on March 30, 1964, sentenced to a term of thirteen months. Also, he went back to prison sometime beforehand as a parole violator.

August 15, 1966, the sixteen-year sentence was completely served.

The question sought for decision here is whether or not the 1964 sentence for thirteen months was to run concurrently with the remainder of the sixteen-year sentence.

In 1961 our Legislature allowed circuit courts to provide that one sentence run concurrently with another. However, this is not the presumed rule of interpreting sentences which appear to overlap chronologically.

The 1961 Act, No. 82, amending §§ 32 and 83 of T. 45, Code 1940, requires that multiple sentences shall be cumulative "unless it is specifically ordered in the judgment entry that such sentences shall be served concurrently."

Said § 32, before its last amendment, was construed in Luquire v. Holman, 279 Ala. 203, 183 So.2d 799, a habeas corpus appeal, as applicable to convictions from different counties twelve years apart. The court there said:

"* * * As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his imprisonment. Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237. * * *"

Moreover, § 32 is in derogation of the common law hence is to be strictly construed in its strictures against concurrent sentences.

The judgment of instant concern reads:

"This the 30 day of March, 1964, came D. W. Crosland, Solicitor who prosecutes for the State of Alabama, and came also the defendant in his own proper person and by attorney; and it appearing to the Court that the said defendant has heretofore filed in this Court a petition to be allowed to plead guilty before indictment; and this being the date set for the hearing of said petition, and the said defendant now in open Court with his attorney, JOHN F. ANDREWS the said JOHN F. ANDREWS advises the said defendant to plead guilty to the charge against him, and consents to his pleading guilty. Came also all the witnesses in the case. And upon hearing all the testimony offered in the Court the Court permits the defendant to file formal plea of guilty. Thereupon the said defendant in open Court pleads guilty.

"It is therefore considered and adjudged by the Court that the said defendant is guilty as charged in the Solicitor's complaint heretofore filed.

"And on this the 30 day of March, 1964, the said defendant being now in open Court and being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty as charged in the Solicitor's complaint and it is the sentence of the law that the said defendant, the said Jesse D. Glisson, be imprisoned in the penitentiary of the State of Alabama for

a term of thirteen months. Said sentence to begin this day."

■ Judgments in Alabama can only be altered by a separate nunc pro tunc suit. In such case only record evidence can be used to make any change.

" * * * The testimony of the State's witnesses perhaps supports an inference to the effect that because it was the custom of the trial judge to appoint counsel in all indigent cases where counsel is desired, that such an offer was made to Brown. We do not think that inference is sufficient to overcome the testimony of Brown and Harris to the effect that no such offer was tendered, although a request for counsel was made." Brown v. State, 277 Ala. 353, 170 So.2d 504.

*Brown,* supra, was a coram nobis case wherein the State sought to circumvent Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, by evidence of custom and practice to overcome the failure of a judgment to show that Brown had been appointed counsel.

■ Hence, in coram nobis, we consider that parol evidence to vary the written judgment entry can only be received on an issue of fraud which would have prevented the judgment. In habeas corpus the court goes by the written mittimus of the trial court.

"It is true, of course, that the intention of the court imposing the sentence should prevail where clearly expressed. * * * Anno. 70 A.L.R. 1512. But we do not think this implies that such intention should be sought through evidence dehors the record—at least such as is here made necessary; that it is open to the same sort of proof as if the judge were writing a will or making a contract.

"A sentence is not merely a directive from which those who are to execute it may obtain information as to the extent of that duty, but, put on the official court record, it is a guarantee to the prisoner that prosecution will not again be attempted within its scope and that punishment shall not exceed its reasonably definite limits." Ex parte Parker, 225 N.C. 369, 35 S.E.2d 169.

Moreover, the statute requires that the minutes be read and approved as the first order of business each day, which we must presume has been done. Code 1940, T. 7, § 1. Omnia praesumuntur rite et solemniter esse acta.

■ We think the last sentence of the judgment above quoted is specific enough to express that the judge intended the term to run with any other term which Glisson was then under judgment to obey and endure in the State penitentiary.

We have to treat the language either as meaning the sentence was to be immediately operative or else mere surplusage or nonsense. Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237.

We have pretermitted consideration of whether or not the quoted judgment complies with the requisites laid down in State v. Baker, 268 Ala. 410, 108 So.2d 361.

The judgment below is due to be reversed and one should be entered here discharging the appellant.

Reversed and rendered.

PRICE, P. J., dissents, being of the opinion that the judgment entry does not reflect the specificity required by Sec. 83, Tit. 45, Code of Alabama, 1965 Cumulative Pocket Part.

On Rehearing

I.

State's Motion to Set Aside Submission for Certiorari for Diminution of the Record

Accompanying his application for rehearin, the Attorney General has filed (without prejudice to consideration thereof) a motion to enlarge the record.

. From the State's brief on rehearing, we quote in part:

"After the Judgment of this court \* \* \* was handed down, it came to the attention of the Attorney General that 'Said sentence to begin this day,' does not appear in the original records of the Circuit Court. The Circuit Clerk now states that the questioned statement was placed on Petitioner's Exhibit 1 as the result of a clerical mistake. The correct judgment entry, as certified by the Clerk of the Circuit Court of Montgomery County, Alabama, on January 19, 1967, is attached to appellee's motion, which is attached to this brief."

The now belatedly proffered judgment entry which was never adduced in the hearing below bears date of Monday, March 30, 1964. After recital therein of a sentence "for a term of *THIRTEEN MONTHS*," there follow no words of either concurrency or cumulation.

For over one hundred years in Alabama the mittimus or writ of commitment to the penitentiary (as distinguished from the judgment containing the sentence) has been done away with. Instead, a certified copy of the sentence went along with the prisoner.

A somewhat similar modus operandi is reflected in People ex rel. Trainor v. Baker, 89 N.Y. 460:

"\* \* \* The warrant of commitment is simply an authority and direction to the sheriff or other officer to convey the prisoner to the penitentiary. That needs not necessarily to be left with the keeper. If he has no other evidence of his authority to detain the prisoner he should have that. But if the officer who brings a prisoner to the penitentiary furnished the keeper with a certified copy of the judgment of the court, then that is sufficient evidence of the keeper's authority, and he needs to have no other. \* \* \*

"\* \* \* It is the judgment of the court which authorizes the detention, and that can always be shown in justification of the detention. But that cannot be shown by parol evidence, but should be proved by the records of the court. \* \* \*"

Reverting to § 3941 of our 1852 Code, we find:

"§ 3941. A certified copy of the sentence must be delivered with each convict to the warden of the penitentiary, and registered in a book kept by him."

The Penal Code of 1866, § 322, though modified to omit the register is substantially the same.

Code 1940, T. 45, § 17, provides:

"§ 17. In the office of the department shall be kept a book, or books, in which shall be kept a record of all state and county convicts, showing the date of conviction, crime, sentence, county, and court in which convicted, and such other information as the director may prescribe. There shall also be kept such other books as the director may deem proper."

And in Alston v. State, 248 Ala. 163, 26 So.2d 877, we find the court saying of this section:

"Therefore, the Indictment Record, being an official record of the Tallapoosa County Circuit Court, and identified as such by the clerk of that court, and the certified copy of the transcript of the conviction and sentence of one Edgar Alston from the office of the State Department of Corrections and Institutions of the State of Alabama being a copy of a record required by law to be kept, both of these records were admissible in evidence.

"\* \* \* § 17, Title 45, Code of 1940, merely provides for a record in the Department of Corrections and Institutions which shall give certain data or information with reference to convicts. Such a record or a certified copy thereof, when offered in evidence, does not import ab-

solute verity, but is treated as prima facie evidence of the facts entered. * * *"

Also pertinent to this case is § 15 of T. 45, which reads:

"§ 15. The director shall furnish each convict, within a month after his confinement, a card, on which shall be written or printed, or partly written and partly printed, the date of such convict's conviction, and the term and expiration of his sentence."

Basically the court below had only one *record* proof of Glisson's sentence in evidence. This, of course, was a minute entry of the judgment and sentence certified (on the day of judgment March 30, 1964) by the circuit clerk. It was in the penitentiary records.

There are three valid reasons not to allow this later certified minute entry to be now inserted in the instant record.

*First*, we rely on Huddleston v. State, 37 Ala.App. 57, 64 So.2d 190.

■ *Second*, when a trial judge, for proof of an evidentiary fact, takes judicial notice of a record in his own court, due process requires that he apprise the parties of that advertence so that rebutting proof may be adduced before submission. Dabney v. Mitchell, 66 Ala. 495; Estes v. Bridgforth, 114 Ala. 221, 21 So. 512; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555; Martin v. Long, 200 Ala. 210, 75 So. 968; and Ohio Bell Tel. Co. v. Public Utilities Comm., 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093. See Wigmore, Evid. (3d Ed.), § 2568; Jefferson Standard Life Ins. Co. v. Wigley, 248 Ala. 676, 29 So.2d 218 (hn. 5); Preston v. Preston, 253 Ala. 186, 43 So.2d 398 (hn. 2); White Way Pure Milk Co. v. Alabama State Milk Control Board, 265 Ala. 660, 93 So.2d 509 (hn. 5); and Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L. Ed. 1129.

■ *Third*, the newly proffered minute entry is in conflict with the statutory

transcript emanating from Kilby Prison according to the testimony of the Record Clerk of the Board of Corrections. The opinion of Stakely, J., in *Alston*, supra, admits the penitentiary records are prima facie evidence under § 17, supra. When the more explicit direction of § 57 is read in the light of §§ 15 and 17, the conclusion is inescapable that the Legislature intended that the records sent by the circuit court with a prisoner are on an equal footing with the minute entry at the courthouse.

■ We consider that § 57, last clause, was properly interpreted in a habeas corpus appeal, Ex parte Nations, 42 Ala.App. 128, 154 So.2d 762, where we approved the State's reliance on § 57, saying:

"We do not consider a circuit court can deny a [habeas corpus] hearing to a petitioner merely because of knowing of a conviction which *might* justify a commitment to the penitentiary. The intervention of a pardon, for example, might have rendered the judgment functus officio. Magee v. State, [42] Ala.App. [71], 152 So.2d 443.

"However, once a certified mittimus meeting the requirements of Code 1940, T. 15, § 27, and T. 45, § 57 (particularly the last clause of the latter section reading '* * * and a copy of the transcript of the conviction and sentence filed with the department and certified by it to be correct, shall be received as evidence of such conviction') has been filed with the warden's return to the writ, there is then and there a prima facie valid basis to detain the prisoner for the duration of the term of the sentence. * * *

* * * * * *

"Applying the foregoing to the record in this court, Nations v. State, 41 Ala.App. 581, 141 So.2d 537, we find a return of the warden. This return (while deficient in not showing when Nations was received from the sheriff of Etowah County) nevertheless is prima facie good to justify Nations's detention at least until

October 30, 1981, i. e., twenty years from the date of his sentencing."

## II.

24 C.J.S. Criminal Law § 1585, provides in part:

" * * * The benefit of the doubt as to a sentence which is not certain, definite, and free from ambiguity should be given to accused, and serious uncertainty in the sentence must be resolved in favor of liberty. * * *"

The Common Law presumed contemporaneous sentences to be concurrent. However, from the Penal Code of 1866, § 260, concurrency was abolished.

This statute led to the practice (not uniform) of nol prossing many multiple indictments. On the advent of Federal strictures toward post conviction reviews, the Legislature in 1961 opened the door for concurrent sentences. Thus, one conviction voided does not necessarily taint others. See Code 1940, T. 45, § 32, as amended.

Treating the direction as to commencement as being surplusage would have been proper before the 1961 amendment.

Had the sentence here said, as did that in Boyd v. Archer, 9 Cir., 42 F.2d 43, 70 A.L. R. 1507, that it was to run "consecutively with" and be "in addition to" another, we doubt that there would have been a problem of construing words under the 1961 amendment. Yet, there one judge dissented because he thought that the words used by the trial court did not "reveal with fair certainty the intent of the court".

Under Code 1940, T. 15, § 266, no appeal is permitted. As a parole violator by operation of Code 1940, T. 42, §§ 7 and 11. Glisson, on March 30, 1964, may well have appeared before Judge Emmet in prison garb to plead guilty before indictment.

In the light of the legal power conferred by the 1961 amendment, the majority considers *all the record evidence* supports a clearly expressed mandate for the sentence imposed to be concurrent with any other being endured in the term pronounced.

Application overruled.

CATES, Judge.

Affirmed on remandment.