282 So.2d 342

**Bob BRAZELTON**

v.

**STATE.**

**8 Div. 342.**

Court of Criminal Appeals of Alabama.

June 29, 1973.

Roger H. Bedford, Russellville, for appellant.

William J. Baxley, Atty. Gen., and Barry E. Teague, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Brazelton appeals from eight nonjury convictions of having, with knowledge of its content, exhibited, commercially distrib-

uted, given away or offered to do so, or possessed with intent to sell, etc., obscene printed or written material known by him to have been judicially found to be obscene. See Act No. 856 approved September 8, 1961, particularly § 4(2). In each case he was fined $500.00 and sentenced to six months imprisonment in the county jail. The jail sentences were to run concurrently.

The parties stipulated, inter alia,

"11. That there had been a prior adversary hearing on the obscenity of the publication vel non before the issuance of the warrant and the arrest of the defendant in each case, although the defendant does not admit the constitutional adequacy of said proceedings.

"12. That there has been an equitable proceeding as provided under Title 14, Section 374(5) of the Code of Alabama of 1940, as amended, before the issuance of the warrant and the arrest of the defendant."

The offending printed matter consisted, in seven of the cases, of books of mainly female genital pictures and in the eighth of a paperback book devoted to descriptions (and little else) of copulation and what under Code 1940, T. 14, § 106 comes within the crime against nature.

■ We have reviewed the entire record under Code 1940, T. 15, § 389. Under Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 and Kaplan v. California, U. S. ——, 93 S.Ct. 2680, 37 L. Ed.2d 492, we think the standard laid down in Jones v. City of Birmingham, 45 Ala.App. 86, 224 So.2d 922, as to the scope of the community being the venue from which the jury venire comes is applicable here. That is, the standards of Madison County as to what is or is not obscene. Of this, the judge as sole trier of fact could take notice although, if controverted, the defendant must be allowed to give proof. Ohio Bell Tel. Co. v. Public Utilities Comm., 301 U.S. 292, 57 S.Ct. 724, 81 L. Ed. 1093 and cases cited in Glisson v. State, 43 Ala.App. 700, 200 So.2d 493.

The genitalia picture books are quite like those in McKinney v. State, 287 Ala. 648, 254 So.2d 714. The paperback is within the influence of Kaplan v. California, supra.

Noting the allegation of the Brazelton's knowing that the matter had been judicially obscene, we consider that this element from the statute, supra, is to supply scienter. Perhaps a Dr. Johnson or a John Stuart Mill would be aware of the content of every book in his library. However, such omniscience should not be attributable to every bookseller. Hence, the importance of prior warning. See Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S. Ct. 631, 9 L.Ed.2d 584.

■ Here Brazelton had open to him the right to appeal from the civil proceeding referred in stipulation No. 11, supra. Since the stipulation treats the determination as a fact, this fact became sufficient to support the trier of facts (here the trial judge) in his finding sub judice, inter alia, that Brazelton knew of the prior adjudication.

We consider that the judgment below is due to be

Affirmed.

All the Judges concur.