310 So.2d 262

**James Elliott ARNOLD**

v.

**STATE.**

**6 Div. 753.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

Rehearing Denied March 18, 1975.

---

Herbert W. Stone, R. B. Jones, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State, appellee.

CATES, Presiding Judge.

First degree arson: sentence, fifteen years imprisonment.

On cross examination of a defense character witness the assistant district attorney, over appropriate objection, asked:

"If prior to September the 18th of 1971 had you heard those things, Mrs. Davis, would that change your opinion as to his general reputation and character in the community?" (R. 229)

and

"But if you had heard those things prior to September the 18th of 1971, and comparing those things, contrasting those things with what you had heard prior to September the 18th of 1971 which caused you to say in your opinion his reputation was good, would having heard those things change your opinion?" (R. 232)

Both objections were overruled. These rulings were erroneous. In Houston v. State, 50 Ala.App. 536, 280 So.2d 797, we find:

"Each of these two questions elicited testimony tending to show the witness's *concept* of 'good reputation' as opposed to the *fact* of 'good reputation,' vel non. These cases, and numerous others, unequivocally assert that a character witness's personal definition of 'good reputation' is immaterial. * * *"

See also Lowery v. State, 51 Ala.App. 387, 286 So.2d 62.

Under the received interpretations of Supreme Court Rule 45 we cannot say that overruling of the objections did not "probably injuriously [affect a] substantial right" of the appellant. This, though we

**544**

might consider that no other reasonable jury, properly instructed, with the instant questions and their answers excluded, would have come to a different verdict. Cf., Mississippi Rule 11 (1952) 215 Miss. 601; State v. Dutton, 83 Ariz. 193, 318 P. 2d 667; Vanderbilt, Minimum Standards of Judicial Administration, p. 559.

■ Propter aliud examen, we consider that objection to Arnold's divorced wife's testifying against him goes into an area—not of statutory operation under Code 1940, T. 15, § 311[1]—but of common law privilege accorded interspousal communications. McElroy, Evidence in Alabama (2d ed.) § 103.01(1). It would seem crucial to determine whether or not the appellant would have spoken in an incriminating fashion relying on the relationship as one of confidence inter sese.

Here the quondam wife heard a telephone call by the husband. Was this a communication to her? See North v. Superior Court, 8 Cal.3d 301, 104 Cal.Rptr. 833, 502 P.2d 1305, 57 A.L.R.3d 155.

The judgment below is

Reversed and remanded.

---

1. "The husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do."