316 So.2d 346

**James Elliott ARNOLD**

**v.**

**STATE.**

**6 Div. 962.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Herbert W. Stone and R. B. Jones, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus after a hearing thereon.

The petition for habeas corpus was filed March 21, 1975. It was alleged therein that petitioner was being detained on an alleged probation revocation which had been ordered on April 22, 1974. The petition further alleged that there was no hearing by the court prior to revocation.

The probation that had been granted appellant was as to a conviction and sentence on January 29, 1973, of three years imprisonment in the penitentiary, for a violation of the now superseded and repealed Alabama Drug Abuse Control Act.

While on probation, appellant was tried and convicted of arson in the first degree and sentenced to imprisonment for fifteen years. The trial was conducted by the same judge who revoked the probation, the same judge who heard and denied the petition for writ of habeas corpus. The conviction on the drug charge was by the same court, but the trial was conducted by a judge assigned from another circuit.

There was an appeal from the judgment and sentence in the arson case that resulted in a reversal on February 18, 1975, and a denial of an application for rehearing on March 18, 1975. *Arnold v. State*, 54 Ala. App. 542, 310 So.2d 262.

On the hearing on the petition for habeas corpus and on this appeal, petitioner-appellant relies heavily upon *McCain v. Sheppard*, 33 Ala.App. 431, 34 So.2d 225 (1948), which definitely held that under Code of Alabama 1940, T. 42, § 24, one on probation is entitled to a hearing prior to revocation thereof. Within approximately a week of the filing of the petition for habeas corpus the Supreme Court in *Armstrong v. State*, 294 Ala. 100, 312 So.2d 620 "set forth the requirements and guidelines which must be met for minimum due process to be accorded the probationer."

We are not fully convinced by the record that such requirements were or were not met when petitioner's probation was revoked. The hearing on the petition for habeas corpus consisted chiefly of arguments of counsel, or a colloquy among counsel and the judge, as to the law and as to what had occurred relative to the revocation of probation. There was some disagreement between counsel for petitioner and the judge as to some details, but it seems that when appellant was convicted and sentenced on April 19, 1974, on the arson charge, the court ordered that bond be set April 22, 1974, at Fifteen Thousand Dollars ($15,000.00) but that until that

time defendant was allowed to remain on bond of Five Thousand Dollars ($5,000.-00). On the trial docket sheet in the drug case there is an order dated April 22, 1974, for a writ of arrest for the defendant for probable violation of the terms of his probation. There is also an order stating, "defendant having been duly notified of said charge, and being in open court, and on being asked by the Court each time if he had anything to say as to why his probation should not be revoked, the defendant says nothing. Wherefore, after hearing all the evidence, the Court is of the opinion that the defendant has violated the terms of his probation." There follows an order of revocation. In addition, there is an order showing that defendant was in open court with his attorneys, the same attorneys who represented him in the arson case and who represent him in this habeas corpus proceeding, showing that the defendant had been convicted in the arson case and that his probation granted in the drug case, designating it by number, "is hereby revoked."

The record before us also shows that during the discussion among the court and counsel on the hearing of the petition for habeas corpus, the court indicated that it would continue the hearing for further discussion and any evidence to be presented, but that counsel for petitioner insisted on a ruling at the time, which was announced in the form of a denial of the petition.

It is to be noted that apparently no objection, no protest of any kind was made by defendant or his attorneys at the time of the entry of the order revoking his probation. There is no evidence that there was any request for time or an opportunity to be heard or to present any witnesses. Although it can be argued that the judge already knew enough as the presiding judge on the trial of the arson case to be convinced that the defendant's probation order should be revoked, the right to be heard is guaranteed by *Armstrong, supra.* We cannot say, however, with reasonable

certainty that he was denied that right. The sworn petition says that he was; the entries upon the trial sheet indicate that he was not.

The picture would be clearer, we think, if we had more details as to what actually occurred in open court on April 22, 1974. We do not know what occurred with reference to any attempt by defendant to make a bond of Fifteen Thousand Dollars ($15,000.00) pending appeal of the arson case. Significantly, it seems, the action of the court in revoking the probation was acquiesced in by defendant until three days after the State's application for rehearing was denied in the arson case. An explanation for this acquiescence for eleven months would shed some light, we think, upon the question whether petitioner has lost by waiver or estoppel any right that he might have to an annulment of the order of revocation of his probation.

Under all these circumstances the judgment of the trial court should be affirmed. In so deciding, however, we make it clear that petitioner is not forever precluded from showing a violation of any constitutional rights that he has not knowingly and intelligently waived, or has become estopped to assert, if he can do so, by the filing of another petition for habeas corpus and presentation of evidence that should lead to a definite resolution of questions that are left in the air by the record now before us. We have held that a denial of habeas corpus is not res judicata. *Shuttlesworth v. State,* 42 Ala.App. 34, 151 So.2d 734, cert. denied, 275 Ala. 698, 151 So.2d 738 (1962); *Gurley v. State,* 42 Ala.App. 551, 171 So.2d 461. The principle of res judicata is inapplicable in habeas corpus petitions. This does not collide with the principle that successive petitions for the same relief on grounds theretofore presented and fully considered and determined need not be entertained. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 148 (1963); *Ex parte Nations,* 42 Ala.App. 128, 154 So.2d 762 (1963).

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur except CATES, P. J., not sitting.