LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a dismissal on motion of the respondent of a pro se petition for writ of habeas corpus. The petitioner (appellant) alleged that he was an “inmate of the Alabama Prison System ... at Staton Correctional Facility” at the time the petition was filed on November 3, 1982. Acting on behalf of the respondent, the District Attorney of Elmore County Circuit Court, in which county appellant was allegedly confined, filed a motion to deny the petition, as to which the court acted in writing in pertinent part as follows:
“The Petition for Writ of Habeas Corpus having been considered by the Court, along with the Motion of the District Attorney of the 19th Judicial Circuit, to dismiss said Petition, the Court is of the opinion that the Motion to Dismiss is well taken.
“It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that the Petition for Writ of Habeas Corpus be and is hereby dismissed.”
The petition is printed by hand and by pen and ink, which in most respects is clearly legible, but in a few important respects it is not. We are able to determine therefrom that the gist of the petition is to the effect that petitioner claims that he was deprived of some accumulated good time upon a hearing of a disciplinary proceeding by a disciplinary board that was not a fair and impartial board, because of the alleged fact that at least one member thereof did not possess the qualifications prescribed by “Administrative Rule 403.” Paragraph 5 of the petition is as follows:
“Petitioner further contends that the officials of the Dept, of Correction in disciplinary proceedings have failed to comply with their own judlines [sic, which we construe as guidelines] set forth covering disciplinary hearing.”
The motion of respondent upon which the court acted in dismissing the petition alleged the following:
“That the Petitioner was given a due process hearing in accordance -with Wolff vs. McDonell, [418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ], and this Court has jurisdiction to review only procedural and not factual matters (see Exhibit ‘A’).”
Exhibit “A” of the motion consisted of six pages of copies of the record of the disciplinary proceeding against appellant that purport to show on their face, at least, a compliance with standards of due process set forth in Wolff v. McDonnell, supra. However, we find nothing therein as to the petitioner’s claim as to the disqualification to serve on the particular case of one of the members of the disciplinary board. Promptly after appellant was given notice of the dismissal of the habeas corpus petition, appellant gave notice of an appeal, and an attorney was appointed to represent him on appeal, who has filed a brief for appellant, in which he states that he “can find no merit to appellant’s contentions ... but counsel requests the court to read the transcript of the evidence and if reversible issues exist, to reverse the case.”
In appellee’s brief, there is a one-page argument as follows:
“In his brief appellant clearly states that he is arguing no issues on appeal. Thus, *1364 under Rule 45(b), Alabama Rules of Appellate Procedure, there are no issues that the Court can consider.

“From these documents [documents contained in Exhibit A to the Motion to Dismiss] it is clear that the procedural due process requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) were met.
“Hence, the petition was properly dismissed.”
In our effort to arrive at a correct decision on this appeal, we find our greatest difficulty in determining with reasonable certainty whether there are any definite allegations in the petition that would justify granting of the relief prayed for therein. We say this with due deference to the fact that such a petitioner is not bound by the high standards of good pleading. Even so, the trial court would not have been justified in treating the petition as one entitling the petitioner to the relief prayed for unless there were averments therein that would have entitled him to such relief. We realize that the possibility exists that the inadequacy of the petition results from the poorly expressed alleged grounds of the petition rather than from some conceivable fact that petitioner did not clearly express. Even if this is true, the law does not require that the trial court grant the petitioner an opportunity to amend his petition, and no good purpose would have been necessarily served thereby. The judgment dismissing a petition for habeas corpus or denying the petition is not res judicata. Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734, cert. denied, 275 Ala. 698, 151 So.2d 738 (1962); Gurley v. State, 42 Ala.App. 551, 171 So.2d 461 (1965); Arnold v. State, 55 Ala.App. 418, 316 So.2d 346 (1975).
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.