The appellant, Tommy Teat, appeals the denial of his petition for a writ of habeas corpus. The appellant was disciplined for attempting to escape, a violation of a prison disciplinary rule. Officer Barbara Claybrook testified at the disciplinary hearing that while monitoring a telephone conversation she overheard the appellant discussing escape plans with a "free-world person."
The appellant appealed this disciplinary ruling to the United States District Court for the Northern District of Alabama, arguing that there was insufficient evidence from which to find that he had attempted to escape, and thus, insufficient evidence from which to find that he had violated a disciplinary rule. On May 15, 1992, the Honorable Elizabeth Campbell, Magistrate for the Northern District of Alabama, Southern Division, denied the writ, stating that there was sufficient evidence to find that the appellant had attempted to escape.
The appellant then appealed the same disciplinary ruling to the Circuit Court for Jefferson County. That court denied the petition, and the appellant appeals to this court. He contends that his constitutional right to privacy was violated when his telephone call was monitored without his knowledge. The Alabama Department of Corrections argues that this appeal should be dismissed on res judicata grounds because, it argues, the appellant could have raised this issue in his appeal to the federal district court.
 "[P]etitioner is not forever precluded from showing a violation of any constitutional rights that he has not knowingly and intelligently waived, or has become estopped to assert, if he can do so, by the filing of another petition for habeas corpus and presentation of evidence that should lead to a definite resolution of questions that are left in the air by the record now before us. We have held that a denial of habeas corpus is not res judicata. Shuttlesworth v. State, 42 Ala. App. 34, 151 So.2d 734, cert. denied, 275 Ala. 698, 151 So.2d 738 (1962); Gurley v. State, 42 Ala. App. 551, 171 So.2d 461 (1965). The principle of res judicata is inapplicable in habeas corpus petitions. This does not collide with the principle that successive petitions for the same relief on grounds theretofore presented and fully considered and determined need not be entertained. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Ex parte Nations, 42 Ala. App. 128, 154 So.2d 762 (1963)."
Arnold v. State, 55 Ala. App. 418, 316 So.2d 346, 348 (1975). Thus the doctrine of res judicata is inapplicable in this case.
As stated above, the appellant contends that his reasonable expectation of privacy was violated when his telephone conversation was monitored without his knowledge. As the United States Supreme Court stated in Bell v. Wolfish, 441 U.S. 520,99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):
 " 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948) . . . The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights . . . A detainee simply *Page 699 
does not possess the full range of freedoms of an unincarcerated individual."
441 U.S. at 546, 99 S.Ct. at 1877-78.
However, prisoners do not give up all constitutional rights when they are confined in a penal institution. Prisoners retain, for example, among other rights, freedom from "invidious" discrimination and guarantees of due process before they can be deprived of life, liberty, or property. Bell v.Wolfish, 441 U.S. at 545, 99 S.Ct. at 1877.
With regard to what constitutional rights a prisoner surrenders, the United States Supreme Court has held that a prisoner has no reasonable expectation of privacy in his cell.Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393
(1984). See Peoples v. State, 510 So.2d 554 (Ala.Cr.App. 1986), aff'd, 510 So.2d 574 (Ala.), cert. denied, 484 U.S. 933,108 S.Ct. 307, 98 L.Ed.2d 266 (1987).
This state has never addressed the question of whether a prisoner has an expectation of privacy in his telephone conversations. We adopt the holding of the United States District Court in United States v. Clark, 651 F. Supp. 76
(M.D.Pa. 1986), aff'd, Appeal of Harris, 857 F.2d 1464 (3d Cir. 1988), aff'd, Appeal of Hernandez, 872 F.2d 412 (3d Cir. 1989), aff'd, United States v. Hernandez, 872 F.2d 414 (3d Cir. 1989). The district court held that there is no reasonable expectation of privacy in the telephone conversations of inmates at penal institutions.
Relying on the cases cited above, we hold that the appellant's petition for a writ of habeas corpus was correctly denied.
AFFIRMED.
All the Judges concur. *Page 1246