TAYLOR, Judge.
The appellant, Willie J. Brooks, appeals the circuit court’s denial of his “Petition for Writ of Certiorari.” The petition was originally submitted to the Circuit Court for Montgomery County as a petition for a writ of habeas corpus, in which the appellant attacked the Alabama Board of Pardons and Paroles revocation of his probation. The petition was restyled as a petition for a writ of certiorari. “In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission.” Ellard v. State, 474 So.2d 743, 748 (Ala.Cr.App.1984), aff'd, 474 So.2d 758 (Ala.1985). The Court of Criminal Appeals’ authority to consider this appeal is found in § 12-3-9, Code of Alabama 1975, which states that this court shall have “exclusive appellate jurisdiction of ... all post-conviction writs in criminal cases.” The appellant was released on parole in 1990 from the Alabama Department of Corrections to the state of New York to serve a sentence in New York. While the appellant was on parole, he was arrested for assault and for possession of a controlled substance. The appellant’s parole was subsequently revoked. The appellant appealed the ruling of the Alabama Board of Pardons and Parole to the United States District Court for the Middle District of Alabama, arguing that he had not been afforded his due process rights when his parole was revoked. While the appeal was pending in the Middle District, the appellant filed a petition for a writ of habeas corpus with the Circuit Court for Montgomery County, attacking the Board’s revocation of his parole. While this petition was pending in the circuit court, Judge Vanzetta Penn McPherson, magistrate for the Middle District of Alabama, Northern Division, denied the appellant habeas corpus relief. After the appellant’s petition was denied in the United States District Court, the Circuit Court for Montgomery County denied the appellant’s petition for a writ of certiorari.
The Board of Pardons and Parole has filed a brief stating that the issue raised by the appellant on appeal to this court has already been litigated and that therefore, he is estopped from relitigating that issue. The appellant’s petition was in the nature of a petition seeking habeas corpus relief. As this court recently stated concerning writs of habeas corpus:
“ ‘[Pjetitioner is not forever precluded from showing a violation of any constitutional rights that he has not knowingly and *483 intelligently waived, or has become es-topped to assert, if he can do so, by the filing of another petition for habeas corpus and presentation of evidence that should lead to a definite resolution of questions that are left in the air by the record now before us. We have held that a denial of habeas corpus is not res judicata. Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734, cert. denied, 275 Ala. 698, 151 So.2d 738 (1962 [1963]); Gurley v. State, 42 Ala.App. 551, 171 So.2d 461 [ (1965) ]. The principle of res judicata is inapplicable in habeas corpus petitions. This does not collide with the principle that successive petitions for the same relief on grounds theretofore presented and fully considered and determined need not be entertained. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Ex parte Nations, 42 Ala.App. 128, 154 So.2d 762 (1963).’ ”
Teat v. State, 636 So.2d 697, 698 (Ala.Cr.App.1994), quoting Arnold v. State, 55 Ala.App. 418, 316 So.2d 346, 348 (1975). The doctrine of res judicata has always been inapplicable to habeas corpus petitions.
As stated above, the appellant argues that he was not afforded his due process rights when his parole was revoked. The minimal requirements of due process that must be met before revoking parole were set forth by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
These requirements as set forth in Morrissey are: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.
We have examined the lengthy record filed with this ease and agree with Judge McPherson. Judge McPherson stated:
“While the plaintiff is entitled to due process before his parole is revoked, a careful review of the undisputed documents before the court, as well as the recitation of the parole proceedings contained herein, demonstrates that the plaintiff was afforded due process prior to the revocation of his parole.”
The appellant’s petition for a writ of certio-rari attacking the Alabama Board of Pardons and Paroles’ revocation of his parole was correctly denied. The judgment is affirmed.
AFFIRMED.
All the Judges concur.